PICART, DEMANDANTE Y APELANTE, *v.* DE LEÓN, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa sobre reivindicación de finca rústica' y daños y perjuicios.

No. 1280.—Resuelto en junio 22, 1915.

VENTA JUDICIAL—OTORGAMIENTO DE ESCRITURA—REQUISITO ESENCIAL—NULIDAD DE LA TRANSACCIÓN.—En una venta judicial de bienes inmuebles llevada a

efecto de acuerdo con lo previsto en la Ley de Enjuiciamiento Civil antigua, para que el título del comprador quedara perfeccionado, era requisito indispensable el otorgamiento de escritura pública, pero el hecho de que la escritura no se otorgara, no implica necesariamente que la transacción en su origen estuviera viciada de' nulidad.

Prescripción—Dominio—Derechos Reales Sobre Bienes Inmuebles—Posesión.—El dominio y demás derechos reales sobre bienes inmuebles, se prescriben por la posesión durante diez años entre presentes y veinte entre ausentes con buena fe y justo título, de acuerdo con el artículo 1858 del Código Civil Revisado. Igual disposición contenía el artículo 1957 del Código Civil antiguo.

Reivindicación—Pruebas—Título por Compra—Justo Título.—Cuando un demandado prueba en una acción reivindicatoria que la persona que le vendió' la finca la adquirió por título de compra, tal título es bastante para transferir el dominio y por tanto justo dentro de las exigencias del artículo 1853 del Código Civil Revisado y 1952 del Código Civil antiguo.

Id.—Posesión Material—Prescripción del Dominio Entre Presentes.—Desde 1893, en que la persona que vendió al demandado en este caso adquirió, por compra la finca y tomó posesión material de ella, hasta la fecha de la interposición de la demanda, transcurrieron con exceso los diez años necesarios para adquirir el dominio por prescripción entre presentes, y se resolvió: Que el transcurso de diez años perfeccionó el primitivo título de compra. Lo que dejaron de hacer el primer dueño conocido de la finca, el demandante, o en su lugar el juez que ordenó el remate, lo hicieron diez años de posesión material en concepto de dueño, basada la posesión en un justo título y disfrutada de buena fé, públicamente, entre presentes y sin interrupción de nadie.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco González.*

Abogado del apelado: *Sr. Juan B. Huyke.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Humacao, por virtud de la cual se declaró sin lugar cierta demanda sobre reivindicación de finca rústica y daños y perjuicios.

El demandante alegó, substancialmente, en su demanda, que es dueño, en la jurisdicción de Maunabo, P. R., de un predio de terreno de 29 cuerdas, que describe debidamente, por haberlo adquirido en la siguiente forma: 17 cuerdas, en 1886, por compra a Encarnación Rivera, hecha constar en escritura pública, y el resto, en 1890, por compra de palabra a Concepción Baerga y Juan Angel de León. Y que el

demandado se halla actualmente y desde hace seis años, sin derecho alguno, en posesión de dicho predio, habiéndole oca-sionado con tal motivo perjuicios que fija en setecientos veinte pesos.

El demandado negó en su contestación las alegaciones de la demanda y a su vez alegó como materia nueva, que es dueño del predio en cuestión por haberlo adquirido por compra a Roque Stella en 1908, hallándose su título inscrito en el registro de la propiedad. Y que Roque Stella a su vez lo adquirió en la siguiente forma: 24 cuerdas el 28 de sep-tiembre de 1893 en pública subasta y las restantes por com-pra de palabra a Félix Picart, habiendo inscrito su derecho en el registro de la propiedad en 1894, desde cuya fecha po-seyó la finca quieta y pacíficamente y sin ser jamás interrum-pido. También alegó el demandado que la acción que pudiera tener el demandante había prescrito de acuerdo con los artícu-los 1858 y 1859 del Código Civil.

En el acto de la vista el demandante presentó la siguiente prueba:

1. Escritura pública otorgada el 6 de marzo de 1886 por virtud de la cual el demandante aparece adquiriendo de En-carnación Rivera una finca de 17 cuerdas que se describe debidamente. Dicha escritura no fué inscrita en el regis-tro de la propiedad.

2. Declaración del propio demandante, en la que ratifica la escritura y expresa que compró el resto de la finca unos tres años más tarde de Concepción Baerga y Juan de León, sin que éstos le otorgaran documento alguno; que no ha vendido la finca a nadie, ni consentido que persona alguna la posea; que dejó de estar en la finca hacía el espacio de diez y nueve años más o menos "porque Don Roque Stella y un curial que había en Maunabo se presentaron en su casa con guardias civiles a echarlo fuera porque le habían echado dos meses y un día de cárcel sin hacer nada y al salir de la cárcel apareció eso."

3. Declaración del testigo Rafael Laboy quien manifestó que conoce la finca que posee el demandado, que antes de éste la poseía Roque Stella, y antes el demandante; y

4. Declaración del testigo Antonio Fantauzzi, quien dijo que conoció al demandante en posesión de la finca de que se trata hará unos diez y siete años, y después a Stella y después al demandado.

Esa fué, en resumen, toda la prueba del demandante. La del demandado, también en resumen, es como sigue:

1. Escritura pública otorgada el 13 de octubre de 1908, por virtud de la cual el demandado compró la finca descrita en la demanda a Roque Stella. Está inscrita en el Registro de la Propiedad de Humacao.

2. Certificación del registrador de la propiedad creditiva de que Roque Stella acreditó ante el Juzgado Municipal de Maunabo la posesión de la finca de que se trata, en la que se hallaba desde el 28 de septiempre de 1893, habiéndola adquirido así: "24 cuerdas y una casa por compra en remate que se le hizo a Félix Picart y cinco cuerdas por compra extrajudicial en el mismo día al referido Picart," habiéndose inscrito la dicha posesión en el registro a favor de Stella, sin perjuicio de tercero de mejor derecho.

3. Declaración del demandado que explica su derecho y refiere que presenció la subasta èn la cual Stella adquirió parte de la finca, recordando que otro de los otros postores que intervinieron fué Miguel Navarro.

4. Declaración del testigo Francisco Rodríguez, quien manifestó que hacía unos veinte años había visto en posesión de la finca al demandante, que luego pasó a Stella y finalmente al demandado, y

5. Certificación expedida por el secretario del Juzgado de Instrucción de Guayama de la cual resulta:

"* * * que en el incidente de embargos de bienes relativo a la causa criminal seguida contra Félix Picart por el delito de lesiones, aparecen las actuaciones siguientes: Acta de remate: En Maunabo el día veinte y cinco de noviembre de 1892 ante el Juez Aure-

lio Ortiz y su secretario, se procedió al remate de los bienes embargados a Félix Picart el día primero del mismo mes, habiéndose fijado edicto en los estrados del juzgado, desde el día tres del propio mes y en el periódico oficial, y consisten los bienes en una estancia compuesta de veinte y cuatro cuerdas radicadas en el barrio "Lizas" de Maunabo, con una casa de maderas techada de yaguas, colindantes por el este, con Carmen León, por el norte, con Juan Angel León y Concepción Baerga, por el oeste la sucesión de Don Ramón García y por el sur, Genaro Rodríguez, y obtuvo la buena pró en dicha subasta Don Roque Stella, por la suma de trescientos pesos mejicanos. Auto aprobatorio. Con fecha veinte de septiembre de 1893 el Juez de Instrucción de Guayama Don Eduardo Ibáñez y Domenech dictó un auto aprobando dicha subasta y ordenando que se otorgara escritura de venta a favor de dicho Don Roque Stella. Acta de posesión. Con fecha veinte y ocho de septiembre de 1893 el Alguacil del Juzgado Municipal de Maunabo asistido del secretario de dicho juzgado y de una pareja de guardia civil dió posesión de la finca rematada a Don Roque Stella."

La corte de distrito analizó las alegaciones y las pruebas y llegó a las siguientes conclusiones, base de la sentencia a que nos referimos al principio de esta opinión. Las conclusiones son así:

"1°. Que si bien el demandante tuvo el dominio de la finca a que se refiere la demanda, tal dominio lo perdió cuando fué legalmente desposeído del inmueble ya descrito, en virtud de público remate que de su finca se hiciera para responder de cierta responsabilidad a que fué sujeto por una sentencia dictada en su contra.

"2°. Que Don Roque Stella causante del demandado en este caso adquirió con buena fe y justo título, y su posesión fué de tal índole, que era suficiente a consolidar en él, el dominio transcurrido diez años de posesión no interrumpida.

"3°. Que el demandado en esta acción reivindicatoria ostenta un título inscrito que le ampara en la posesión de la cosa reclamada, sin que de este título se haya declarado ni pedido la nulidad.

"4°. Que computada la posesión del demandado con la de su causante Stella, en dicho demandado se ha consolidado el dominio sobre la finca que era del demandante y éste pretende.

"5°. Que si alguna acción hubiera podido tener el demandante ésta ha prescrito de acuerdo con el artículo 1858 del Código Civil de Puerto Rico."

El apelante sostiene que la corte sentenciadora erró:

1, al declarar probado que Don Roque Stella, causante del demandado, adquirió la finca con buena fe y justo título, y

2, al declarar que la acción del demandante había prescrito de acuerdo con el artículo 1858 del Código Civil.

Examinemos el primer error. Como puede verse, no existe en este caso cuestión alguna con respecto a la identidad del predio reclamado en la demanda. Ambas partes están conformes en que la finca que hoy posee el demandado, es la misma que poseyó en 1893 el demandante. El demandado acepta que el demandante fué dueño y alega que precisamente de él adquirió su derecho su causante inmediato, Stella. Pero el apelante alega y en esto consiste el primero de los errores señalados, que el remate en el cual se adjudicó la finca a Stella, no quedó perfeccionado por no haberse otorgado la escritura prevista y ordenada por la ley. El apelante no impugna la realidad del remate y de la compra. Tampoco ataca la jurisdicción de la corte que decretó el remate.

Estamos conformes con el apelante en que el requisito del otorgamiento de la escritura, era indispensable para que el título del comprador quedara en aquel momento mismo perfeccionado. El demandado lo acepta así en cierto modo, pero sostiene que, en todo caso, ha adquirido un título bueno y suficiente por prescripción.

La prueba demuestra que el remate se llevó a efecto, que en él obtuvo la buena pró Roque Stella, quien fué puesto en posesión de la finca en 1893 y comenzó a poseerla desde entonces como dueño. Es más, la prueba tiende a demostrar que el mismo día en que se celebró el remate de 24 de las 29 cuerdas que componen el predio, Stella compró directamente al propio demandante cinco cuerdas más. El demandante declaró en el acto de la vista y nada dijo en concreto con respecto a este último particular.

Nada en los autos demuestra que Stella actuara de mala fe. El hecho de que no se otorgara la escritura, no implica

necesariamente que la transacción en su origen estuviera viciada de nulidad. Si lo estaba, el perjudicado, el demandante, debió haber reclamado en tiempo y forma. No lo hizo así y Stella continuó poseyendo, y acreditó su posesión en un expediente tramitado de acuerdo con la ley, y la inscribió en el registro y siguió en ella quieta y pacíficamente y sin ser interrumpido por el demandante, ni por ninguna otra persona, hasta 1908, en que vendió la finca al demandado.

El dominio y demás derechos reales sobre bienes inmuebles, dispone el artículo 1858 del Código Civil Revisado, se prescriben por la posesión durante diez años entre presentes y veinte entre ausentes, con buena fe y justo título. Igual disposición contenía el artículo 1957 del Código Civil antiguo.

El demandado probó que la persona que le vendió la finca la adquirió por compra, que es un título bastante para transferir el dominio y por tanto justo, dentro de las exigencias de la ley. Artículo 1853 del Código Civil Revisado y 1952 del Código Civil antiguo.

Desde 1893 en que la persona que vendió al demandado adquirió la finca y tomó posesión material de ella, hasta la fecha de la interposición de la demanda, transcurrieron con exceso los diez años necesarios para adquirir el dominio por prescripción entre presentes. El transcurso de diez años perfeccionó el título de compra. Lo que dejaron de hacer el dueño primitivo de la finca, el demandante, o en su lugar el juez que ordenó el remate, lo hicieron diez años de posesión material en concepto de dueño, basada en un justo título y disfrutada de buena fe, públicamente, entre presentes, y sin interrupción de nadie.

En tal virtud debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.