THE PLANTATIONS COMPANY, DEMANDANTE Y APELADA, *v.* SMITH,
DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª., en causa sobre tercería de bienes inmuebles.

No. 1175.—Resuelto en enero 26, 1916.

BIENES INMUEBLES—ENAJENACIÓN DE BIENES INMUEBLES RADICADOS EN PUERTO
RICO.—Cuando se trata de bienes inmuebles situados en Puerto Rico, cual-
quier acto de enajenación de los mismos debe regularse por las leyes de la
isla relativas a la propiedad inmueble.

ID.—DUEÑOS EN COMÚN Y PROINDIVISO—ENAJENACIÓN DE PARTICIPACIONES.—Los
dueños en común de una propiedad están autorizados para traspasar sus par-
ticipaciones indivisas en la misma con arreglo al artículo 406 del Código Civil.

SOCIEDADES—DERECHOS DE UN SOCIO—DERECHOS DE LA SOCIEDAD.—Los preceptos
del Código de Comercio o del Código Civil que fijan ciertos límites sobre los
derechos de un socio no pueden tener aplicación a un caso en que no están
envueltos los derechos de la sociedad.

COMPRAVENTA—DUEÑOS EN COMÚN Y PROINDIVISO—PORCIONES DOMINICALES.—En
el presente caso se alegó que el título de venta de la propiedad adolecía de
nulidad por no haber intervenido uno de los condueños o su sucesión, *y se
resolvió:* Que tal vicio podría afectar únicamente a la parte que de la pro-
piedad vendida pertenecía al condueño muerto pero no a las porciones domi-
nicales de los demás condueños, cuya capacidad para vender no era dudosa.

ID.—CAPACIDAD DEL VENDEDOR—ESTOPPEL—ACREEDOR DEL VENDEDOR.—Cuando al-
guno de los condueños enajena a favor de un tercero cuantos derechos tiene
sobre la propiedad, él no puede ir en contra de sus propios actos impugnando
el título de venta por falta de capacidad suya, estando también impedido de
hacer tal impugnación un acreedor del vendedor, cuando no se ha probado
un traspaso fraudulento.

EMBARGO—CONDUEÑO NO DEMANDADO.—Cuando un condueño o su sucesión no ha
sido demandado en el juicio que originó la tercería, no puede afectarle un
embargo practicado sobre propiedad suya en ese juicio.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Frank Antonsanti.*
Abogado de la apelada: *Sr. José E. Benedicto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Con fecha 3 de enero de 1913 Marks Smith estableció
una demanda en cobro de dinero ante la Corte de Distrito
de San Juan contra Morris Levi y Alexander Blumensteil,
individualmente y como consocios de la firma Levi, Blumen-
steil & Company.   No se hizo parte en el juicio a la sucesió

de Jacob Levi, fallecido en 22 de agosto de 1906, el cual con Alexander Blumensteil y Morris Levi constituían una sociedad mercantil domiciliada en New York que hacía negocios bajo la firma de Levi, Blumensteil & Company.

Marks Smith ejercitó su acción como acreedor de la mencionada firma, a pesar de que sólo interpuso la demanda contra Morris Levi y Alexander Blumensteil.

Para asegurar.la efectividad de la sentencia que recayera en el juicio embargó el márshal por orden de la corte una finca urbana que se describe en la demanda radicada en la ciudad de Caguas, como de la propiedad exclusiva de la firma Levi, Blumensteil & Company, cuyo embargo fué anotado en el registro de la propiedad.

La demandante, The Plantations Company, corporación organizada bajo las leyes del Estado de Delaware, autorizada para hacer negocios en esta isla, promovió el presente juicio de tercería contra Marks Smith y Morris Levi y Alexander Blumensteil, contra los dos últimos individualmente y en calidad de consocios de la firma Levi, Blumensteil & Company, para obtener la nulidad del embargo y de su anotación en el registro de la propiedad, alegando como fundamento de su acción que la casa embargada es de la propiedad de la demandante por haberla adquirido en 10 de enero de 1913 por compra a Jacob N. Baer, quien la hubo en 9 de enero citado de George E. Shaw por igual título, habiéndola adquirido éste en 4 de noviembre de 1910 por compra a The American West Indies Trading Co., cuya corporación la había adquirido también por título de compra en 11 de febrero de 1909 mediante escritura otorgada a su favor por Alexander Blumensteil, Morris Levi y su esposa, y Morris Levi como albacea del difunto Jacob Levi.

Celebrado el juicio, en que sólo propuso pruebas la parte demandante, la corte dictó sentencia en 29 de mayo de 1914, por la que declaró nulo y sin ningún valor el embargo sobre la casa y ordena su cancelación en el registro de la propiedad, a cuyo efecto se expedirán los correspondientes mandamien-

tos, con las costas, gastos y honorarios de abogado a cargo de la parte demandada.

Contra esa sentencia interpuso el demandado Marks Smith recurso de apelación para ante esta Corte Suprema.

Alega la parte apelante como razón fundamental de su recurso que la escritura de 11 de febrero de 1909 de la que deriva su derecho a virtud de traspasos sucesivos la parte demandante, es nula e inexistente por no haber intervenido en ella los herederos de Jacob Levi, debiendo, por tanto, afectar esa misma nulidad e inexistencia al título que alega la demandante como fundamento de su tercería.

Opinamos que el título de dominio invocado por The Plantations Company es bastante a los fines que pretende.

Siendo inmueble la propiedad de que se trata y estando situada en Puerto Rico, cualquier acto de enajenación de la misma debe regularse por las leyes de esta isla relativas a la propiedad inmueble, aplicando la doctrina que establecimos al resolver el caso de *Colón* v. *El Registrador de Aguadilla,* 22 D. P. R. 369.

Admite Marks Smith en su contestación a la demanda que a la muerte de Jacob Levi, en 22 de agosto de 1906, la casa objeto de la tercería era poseída según escritura debidamente inscrita en el Registro de la Propiedad de Caguas por Jacob Levi, Alexander Blumensteil y Morris Levi conjuntamente como socios de la firma Levi, Blumensteil & Company, y que a la muerte de Jacob Levi su interés en dicha propiedad descendió a sus herederos legales.

Como se ve, la adquisición de la propiedad se hizo por Jacob Levi, Alexander Blumensteil y Morris Levi, viniendo los tres a ser dueños en común de dicha propiedad, y como tales dueños estaban autorizados para traspasar sus participaciones indivisas con arreglo al artículo 406 del Código Civil.

No dudamos que con la escritura de febrero 11, 1909, se intentó traspasar el derecho todo de la sociedad; pero como propiamente lo que Jacob Levi, Alexander Blumensteil y

Morris Levi habían adquirido en Puerto Rico era un condominio sobre la casa, aquella escritura era eficaz al menos para traspasar las porciones indivisas de Alexander Blumensteil y Morris Levi.

Los preceptos del Código de Comercio o del Código Civil que fijan ciertos límites sobre los derechos de un socio no pueden tener aplicación a un caso en que no están envueltos los derechos de la sociedad. La adquisición de propiedad de la casa se hizo por Jacob Levi, Alexander Blumensteil y Morris Levi.

En el caso de *Egberts* v. *Wood,* 3 Paige Ch. 517, 24 Am. Dec. 243, en el cual aparecía que uno de los socios traspasó todo el activo de la sociedad, se resolvió que de todos modos el traspaso era válido en cuanto al derecho o mitad del socio que hizo el traspaso.

Si el título alegado por la demandante adolece de algún vicio de nulidad por no haber intervenido Jacob Levi o su sucesión en el título de The American West Indies Trading Company, tal vicio afectaría en su caso a la parte que de la casa vendida pertenecía al difunto Levi, pero no a las porciones dominicales de Alexander Blumensteil y Morris Levi, cuya capacidad para vender no es dudosa.

Los derechos de condominio que Morris Levi y Alexander Blumensteil tenían en la casa de que se trata fueron traspasados válidamente a The American West Indies Trading Company, y en virtud de subsiguientes traspasos esos derechos pertenecen hoy a la demandante The Plantations Company, que no es deudora de Marks Smith, y por tanto no puede responder con bienes propios al cumplimiento de una obligación que no ha contraído.

Admite el apelante que si la casa estuviera situada en el Estado de New York, la venta hecha a la American West Indies Trading Company hubiera sido eficaz para traspasar el derecho tanto de la firma Levi, Blumensteil & Company como de sus socios individualmente, y el hecho de haber entablado Marks Smith su demanda de cobro de dinero contra

Morris Levi y Alexander Blumensteil prescindiendo del otro socio difunto Jacob Levi, parece indicar que actuaba bajo la teoría consignada en el tomo 18 de Cyc., página 189, de que el título legal a los bienes pertenecientes a una sociedad pasa al socio o socios sobrevivientes, quienes solamente pueden ser considerados como encargados de acuerdo con la ley, de las deudas de la sociedad, y con derecho a realizar el activo de ella, y quienes al menos que las cláusulas de la escritura social dispongan otra cosa están revestidos del derecho exclusivo al activo de la sociedad y manejo del mismo con el objeto de terminar los negocios y distribuir el sobrante que pueda quedar.

No nos toca considerar y decidir en el presente caso si la eficacia legal de la escritura de 11 de febrero de 1909 podría sostenerse no sólo en cuanto a Alexander Blumensteil y Morris Levi, sino también respecto del difunto Jacob Levi, pues la acción de cobro no se ha dirigido contra sus herederos, ni éstos se han traído como partes al presente juicio de tercería. Además, nos falta base para discutir esa cuestión legal por ignorar las cláusulas de la escritura de constitución de la sociedad Levi, Blumensteil & Company, que como prueba no ha venido a los autos, pero en mérito de las razones expuestas podemos llegar y llegamos a la conclusión legal de que la repetida escritura de 11 de febrero de 1909 es válida y eficaz en derecho respecto de Alexander Blumensteil y Morris Levi, que son los demandados, y no los herederos de Jacob Levi, tanto en el juicio sobre cobro de dinero como en el presente de tercería.

A la misma conclusión podemos llegar si tomamos en consideración los principios relativos al *estoppel.*

Alexander Blumensteil y Morris Levi enajenaron a favor de The American West Indies Trading Company cuantos derechos tenían sobre la casa de que se trata. Si ellos no pueden ir hoy en contra de sus propios actos impugnando el título adquirido por The Plantations Company, por falta

de capacidad de los vendedores, tampoco Marks Smith puede hacer dicha impugnación.

Por lo que toca a los derechos que en la misma finca puedan corresponder a la Sucesión de Jacob Levi, como ésta no ha sido demandada en el juicio que ha dado lugar a la tercería, tampoco puede afectarle el embargo practicado en dicho juicio.

No se ha tratado de probar un traspaso fraudulento. El tercerista, o sea, The Plantations Company, tiene derecho al remedio solicitado, y en su virtud es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.