Lorenza Acevedo, demandante y apelante, *v.* Anastasio Romero, demandado y apelado.

Núm. 7503.—*Sometido:* Mayo 25, 1938. *Resuelto:* Marzo 28, 1939.

*José M. Valentín Esteves* y *Buenaventura Esteves,* abogados de la apelante; *José D. Rodríguez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos alegados en la demanda, sucintamente expuestos, son como sigue:

Doña Encarnación Pérez Rodríguez dispuso en su testamento, que no teniendo descendientes ni ascendientes con derecho a heredarla legaba a Isabel Rosado y María Bartola Acevedo, en común pro indiviso y en la proporción de una mitad para cada una, cierta finca urbana en el pueblo de Lares, con la condición de que dichas legatarias habrían de acompañar al hermano de la testadora, Juan Pérez Rodríguez, durante el resto de su vida y que no podrían enajenar la finca "hasta tanto que no ocurra el fallecimiento del susodicho Juan Pérez Rodríguez."

Por escritura pública de 29 de mayo de 1930, las ya mencionadas legatarias vendieron el inmueble al demandado Anastasio Romero, quien presentó al registro dicha escritura, acompañada del testamento de la causante, negándose el registrador a practicar la inscripción por motivo de la expresa condición de no enajenar que aparecía del testamento.

El ya citado Juan Pérez Rodríguez falleció el día 7 de octubre de 1934, y el 8 del mismo mes y año falleció María Bartola Acevedo, sin haber tenido una oportunidad de ratificar la venta hecha por ella a Romero antes del fallecimiento de Juan Pérez Rodríguez.

Con posterioridad al fallecimiento de Juan Pérez Rodríguez, en octubre 31 de 1934, el demandado presentó nuevamente al registro la escritura de 29 de mayo de 1930. El

Registrador practicó la inscripción fundándose en que habiendo fallecido ya Juan Pérez Rodríguez, "la condición de no poder enajenar el inmueble durante la vida de éste había quedado extinguida y por consiguiente la venta verificada el 29 de mayo de 1930 había quedado consolidada."

La demanda de Lorenza Acevedo, madre y única heredera de María Bartola Acevedo, se basa en la alegada nulidad de la venta, por haber sido hecha en violación de la restricción testamentaria del derecho a enajenar y no haber sido en manera alguna ratificada o legalizada por los otorgantes.

El demandado, después de contestar específicamente los hechos esenciales de la demanda, admitiendo unos y negando otros, alegó como defensa especial que las legatarias habían cumplido fielmente la condición impuesta por la testadora, cuidando y acompañando a Juan Pérez Rodríguez hasta el momento de su muerte; que el citado Juan Pérez Rodríguez compareció como parte en la escritura de venta de 29 de mayo de 1930 y aprobó la enajenación hecha por las legatarias a favor del demandado; que de acuerdo con la doctrina de *estoppel* la demandante está impedida de atacar actos realizados por su hija María Bartola Acevedo, de quien alega ser heredera; y por último, que la venta efectuada por las legatarias no tenía que ser ratificada por éstas, bastando el fallecimiento de Juan Pérez Rodríguez para su convalidación.

Fué el pleito a juicio ante la Corte de Distrito de Aguadilla la que después de examinar "las pruebas introducidas por ambas partes" y de tomar en consideración "las admisiones del demandado y la prueba practicada," llegó a las siguientes conclusiones de derecho:

(*a*) Que la prohibición de enajenar no tenía otro alcance que obligar a las legatarias a acompañar al beneficiado hasta que éste muriera.

(*b*) Que la concurrencia del beneficiado Juan Pérez Rodríguez en la escritura de venta y su renuncia de derechos no anuló ni invalidó la prohibición.

(*c*) Que en el caso de que la legataria hubiese sobrevivido al beneficiado, aquélla no hubiese podido anular la venta hecha al demandado, por el fundamento de que ningún título tenía sobre la propiedad al tiempo de cederla, por ser doctrina bien conocida la de que nadie puede ir contra sus propios actos; y que la demandante en este caso, como heredera de su hija, la legataria y vendedora, estaba también impedida (*estopped*) de reclamar lo que su causante no podía reclamar.

Basándose en las precedentes conclusiones, la corte inferior dictó sentencia desestimando la demanda, sin especial condenación de costas. Apeló la demandante, señalando como error de la corte sentenciadora el haber resuelto que la demandante y su causante estaban impedidas de impugnar la validez de la venta hecha por las legatarias a favor del demandado.

■ La aplicación que de la doctrina de *estoppel* hizo la corte inferior encuentra apoyo en la jurisprudencia de esta Corte Suprema, por la que se ha sostenido que una persona que conscientemente interviene y ayuda a confeccionar un título, está impedida de negar que tal título sea justo, *Vázquez* v. *Santalís,* 26 D.P.R. 677; que la doctrina de que nadie puede ir contra sus propios actos es tan conocida para el Código Civil, como para cualquier corte de equidad, *Rabell* v. *Rodríguez,* 24 D.P.R. 561; y que cuando un condueño enajena a favor de un tercero cuantos derechos tiene sobre la propiedad, él no puede ir contra sus propios actos impugnando el título de venta por falta de capacidad, *Plantations Co.* v. *Smith,* 23 D.P.R. 394. Véanse: 21 C. J. 1067, sección 26.; 21 C. J. 1182, sección 185.

Arguye la demandante y apelante que la doctrina de *estoppel* no es aplicable al caso de autos porque en el momento de adquirir la finca "dicho demandado sabía y está admitido en la escritura de compraventa número 53 de 29 de mayo de 1930, que dicha María Bartola Acevedo y su colegataria qué le vendieron dicha finca no podían hacerlo por virtud de la prohibición" que constaba en el testamento. Y en apoyo de su contención cita jurisprudencia que sostiene que el *estoppel*

no puede existir cuando ambas partes tienen igual conocimiento de los hechos y una de ellas no ha hecho nada para engañar a la otra.

██ No tenemos medios suficientes para poder determinar si la contención de la apelante está bien fundada o si carece de méritos. La parte apelante no nos ha colocado en condiciones de que podamos examinar los hechos que tuvo ante sí la corte sentenciadora al dictar la sentencia recurrida. No se ha elevado ante esta corte la transcripción de la evidencia, ni una exposición del caso, y ni siquiera tenemos a la vista el testamento y la escritura cuya nulidad se pide, sin cuyos documentos es imposible entrar a considerar el caso en sus méritos.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Sr. De Jesús no intervino.