JUSTINA REYES MACHÍN, conocida por LORENZA REYES MACHÍN, demandante y apelante, *v.* RAFAELA TORRES y MANUEL BUXÓ QUIÑONES, demandados y apelados.

Núm. 9226.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Marzo 20, 1946.

822

Ramos Antonini & Ortiz, abogados de la apelante; Miguel García González, abogado de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La demandante, alegando ser uno de los herederos de doña María Reyes Machín, radicó demanda en la Corte de Distrito de Humacao solicitando la nulidad de una escritura pública sobre venta de una finca otorgada por su causante a favor de la demandada. En la primera causa de acción alegó que dicha escritura no fué otorgada en un solo acto y en presencia de los testigos instrumentales y como segunda causa de acción que la escritura era nula por no haber mediado causa en el contrato. Los demandados contestaron la demanda negando sus hechos esenciales. El día del juicio la demandante desistió de la segunda causa de acción alegada y presentó prueba para sostener la primera. Los demandados no presentaron prueba.

No existe controversia entre las partes en cuanto al hecho de que la prueba de la demandante demostró que al otorgarse ante el notario Antonio L. López el 12 de junio de 1943 una escritura pública a virtud de la cual doña María Reyes Machín vendió a doña Rafaela Torres, casada con don Manuel Buxó Quiñones, una finca rústica, dicho notario se trasladó a la casa de doña Rafaela, donde también residía la vendedora, situada en un barrio de San Lorenzo; que allí firmaron las partes y el testigo Heriberto Aponte; que luego el

notario, el Sr. Juan Buxó y el testigo Aponte se trasladaron al pueblo de San Lorenzo al almacén del Sr. Ramón Sellés, quien, a solicitud del notario, firmó la escritura como testigo después de haberla leído. No aparece de las alegaciones ni de la prueba si el notario ya había firmado la escritura cuando la llevó donde el Sr. Sellés o si la firmó después.

La corte inferior declaró sin lugar la demanda por los fundamentos siguientes: 1ro. porque el motivo de nulidad alegado no está incluído en la sección 20 de la Ley Notarial de Puerto Rico; (¹) 2do. porque siendo dicho defecto uno de carácter formal, si las condiciones del contrato son perfectas el mismo debe subsistir como documento privado; 3ro. porque ''la parte que solicita dicha nulidad trae título de la que otorgó la venta, encontrándose la demandante en las mismas circunstancias y lugar en que se encontraría la vendedora si fuera ella la reclamante y por lo tanto impedida de ir contra la forma y manera en que fué otorgado el documento,'' y 4to. en el hecho de que en Puerto Rico, ''con muy raras excepciones firman al unísono los testigos instrumentales con los otorgantes a pesar de que el otorgamiento de un contrato debe verificarse en un solo acto.''

▉ En apoyo de su primer razonamiento la corte inferior citó los casos de *Benítez Flores* v. *Llompart,* 50 D.P.R. 670, y *Sucn. González* v. *Federal Land Bank,* 51 D.P.R. 469.

Estos casos no tienen aplicación alguna a los hechos del de autos. En el primero no se trataba de la nulidad de una

---

(¹)La sección 20 de la Ley Notarial (Art. 1678 Estatutos Revisados de 1941) dispone:

''Cuándo los instrumentos públicos serán nulos.—Serán nulos los instrumentos públicos:

''1. En que haya intervenido como parte el notario que los autorice, o contenga alguna disposición a favor de éste.

''2. En que sean testigos los parientes de las partes en ellos interesadas, o los parientes, escribientes o criados del notario autorizante.

''3. En que el notario no certifique sobre el conocimiento de los otorgantes, o no supla esta diligencia con testigos de conocimiento, o que no aparezcan las firmas de las partes y testigos cuando deban hacerlo, y la firma, signo y rúbrica del notario.''

escritura sino si celebrado un contrato de venta, obligatorio entre las partes, la circunstancia de no haberse elevado a escritura pública el mismo día del otorgamiento del contrato lo hacía ineficaz y se resolvió que esa circunstancia "en nada desvirtúa la fuerza obligatoria del convenio entre las partes"; y en el segundo se sostuvo que era un defecto formal que no producía la nulidad el hecho de que las hojas de una escritura impresa contuvieran más de veinticuatro líneas.

La sección 13 de la Ley Notarial en lo pertinente establece que: "Ninguna escritura pública, salvo lo que dispone esta Ley en casos especiales, podrá ser autorizada por el notario, sin la presencia de dos testigos; . . ." y la sección 15 de la misma ley dispone que "La presencia de los testigos se requiere para la lectura, consentimiento y firma, que tendrán lugar en un solo acto." Relacionadas con estas dos secciones están la 10 que impone al notario la obligación de hacer constar en toda escritura pública que otorgue "el lugar, año y día del otorgamiento" y la 17 que deberá certificar que ha leído "a las partes y a los testigos instrumentales o de haber permitido que las leyesen a su elección antes de que las firmen" las escrituras públicas que se otorguen.

Estos preceptos establecen ciertos y determinados requisitos que deben ser cumplidos por el notario al otorgar un instrumento público. La presencia de los dos testigos instrumentales con las partes en el momento del otorgamiento se requiere para "la lectura, consentimiento y firma que tendrán lugar en *un solo acto.*"

El requisito que requiere la presencia de los dos testigos en el momento de la lectura de la escritura, de por sí importante, lo es más aún al referirse al consentimiento y a la firma de los otorgantes. La lectura por las partes y los testigos o por el notario, el consentimiento de las partes al contrato que se otorga y la firma del documento por las partes y testigos, todo esto debe tener lugar en "un solo acto." Estos requisitos tienen que ser cumplidos para que el ins-

trumento otorgado pueda tener el carácter de público. El hecho de que el testigo Sr. Sellés leyera la escritura, antes de firmarla, no la convalida pues él no estuvo presente, a pesar de que así se haga constar en ella, cuando la firmaron las partes en presencia del otro testigo instrumental del documento. El Sr. Sellés, por haber firmado después que el convenio había sido hecho, sin estar él presente, de hecho no fué un testigo del otorgamiento de la escritura aun cuando su nombre aparece en la misma.

La sección 13, supra, prohibe expresamente al notario autorizar ninguna escritura pública sin la presencia de dos testigos, salvo los casos especiales a que se refiere la ley en su sección 22 en cuanto a los testamentos. El hecho de que la sección 20, supra, especifique ciertos casos que vician de nulidad una escritura, no implica que ésos sean los únicos que puedan tener ese efecto. El artículo 12 del Código Civil (Ed. 1930) establece que "En las materias que se rijan por leyes especiales, la deficiencia de éstas se suplirá por las disposiciones de este código" y el artículo 4 del mismo cuerpo legal dispone que "Son nulos los actos ejecutados contra lo dispuesto en la ley, salvo los casos en que la misma ley ordene su validez."[2]

No podemos aceptar como argumento que pueda tener fuerza legal de clase alguna el que hizo constar la corte inferior en cuanto a que en Puerto Rico "con muy raras excepciones firman al unísono los testigos instrumentales con los otorgantes," pues, según dispone el artículo 5 del Código Civil, contra la observancia de las leyes no prevalecerá "el desuso, la costumbre o la práctica en contrario."

Ahora bien, habiendo la demandante desistido de su segunda causa de acción en la cual atacaba la validez del

---

[2] En el caso de *Clark et al.* v. *Graham*, 6 Wheat. 577, 19 U. S. 258, la Corte Suprema de los Estados Unidos resolvió que requiriendo las leyes de Ohio que todas las escrituras sobre bienes inmuebles deben otorgarse ante dos testigos, una escritura otorgada ante un testigo solamente, es nula.

contrato de compraventa por no haber mediado causa. en el mismo, dicho contrato subsiste entre las partes. *Picart* v. *De León,* 22 D.P.R. 592; *Ayllón y Ojeda et al.* v. *González y Fernández, et al.,* 28 D.P.R. 67. Siendo esto así, ¿qué interés o daño ha alegado o demostrado la demandante que justifique que ella pueda obtener un remedio en este caso? Ninguno a nuestro juicio. Como bien dijo la corte inferior, la demandante se encuentra "en las mismas circunstancias y lugar en que se encontraría la vendedora si fuera ella la reclamante," y por tanto impedida de atacar la validez de la escritura otorgada por su causante. Véanse al efecto: *Vázquez* v. *Santalís, et al.,* 26 D.P.R. 677; *Sucn. González* v. *Federal Land Bank,* 51 D.P.R. 469; *Acevedo* v. *Romero,* 54 D.P.R. 549.

*Debe confirmarse la sentencia apelada.*