González, Demandante y Apelado, *v.* Lebrón et al.,
Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre otorgamiento de escritura y daños y perjuicios.

Moción de traslado.

No. 1482.—Resuelto en julio 21, 1916.

Traslado del Pleito—Cumplimiento de Contrato—Compraventa de Finca Rústica—Acción Personal—Residencia de los Demandados.—Cuando la acción ejercitada no es para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma o para determinar en cualquier forma dicho derecho e interés, o por daños causados a propiedad inmueble, artículo 75 del Código de Enjuiciamiento Civil, sino que su objeto es obligar el cumplimiento específico de un contrato de compraventa de finca rústica, tal acción es personal (*in personam*) y deberá verse en el distrito en que residieren los demandados o algunos de ellos, de acuerdo con el artículo 81 de dicho Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. *C. Domínguez Rubio.*

Abogado del apelado: Sr. *Francisco González.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

El demandante y apelado estableció demanda en la Corte de Distrito de Humacao alegando entre otras cosas, que las demandadas son dueñas en común pro-indiviso y por partes iguales de cierta finca rústica que se describe en la demanda, radicada en el Distrito Judicial de Humacao; que el demandante celebró y dejó perfeccionado con las demandadas, un contrato de compraventa de dicha finca bajo ciertos términos y condiciones que fueron especificados; que después que una de las demandadas, que durante el curso de las negociaciones tenía la representación de todas había comisionado a cierto notario para preparar la debida escritura de com-

praventa, y después de redactada ésta, las demandadas se negaron a firmarla y a cumplir el contrato que de tal modo fué celebrado; que el demandante cumplió debidamente y está dispuesto a cumplir con todas las condiciones que le conciernan, en el contrato referido; y que con motivo del incumplimiento por parte de las demandadas del contrato celebrado el demandante ha experimentado perjuicios como constan especificados en la demanda, que alcanzan a una suma total de cuatrocientos dólares.

En la súplica de la demanda se pide a la corte que condene a las demandadas a otorgar escritura pública de compraventa de la finca descrita a favor del demandante por el precio y con las demás condiciones estipuladas en la demanda, y condenándoseles a pagar al demandante cuatrocientos dólares en concepto de perjuicios sufridos, juntamente con · las costas y desembolsos que se originen en esta acción.

Los demandados, todos los cuales residen en Guayama menos Francisco Berríos, excepcionaron la demanda por carecer la corte de jurisdicción sobre las personas de los demandados y solicitaron que el caso fuera trasladado a la Corte de Distrito de Guayama. Francisco Berríos alega que, aunque vive y fué emplazado en San Juan, tiene el firme propósito de trasladar definitivamente su residencia a Guayama, y, por tanto, se une a la moción.

Los artículos 75, 81 y 83 del Código de Enjuiciamiento Civil, en tanto son pertinentes a la cuestión que ahora se discute, dicen lo siguiente:

"Artículo 75.—Deberán sustanciarse en el distrito en que radique el objeto de la acción, o parte del mismo, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto en este código, los pleitos que se sigan por las causas siguientes:

"1. Para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquier forma dicho derecho o interés, y por daños causados a propiedad inmueble.

   *      *      *      *      *      *      *

"Artículo 81.—En todos los demás casos el pleito deberá verse . en

el distrito en que residieren los demandados, o algunos de ellos, al iniciarse el litigio;   *   *   *

"Artículo 83.—La corte podrá, previa moción, cambiar el lugar del juicio en los siguientes casos:

"1. Cuando el distrito designado en la demanda no es el correspondiente."

    *       *       *       *       *       *       *

Un pleito cuyo objeto es el cumplimiento específico de un contrato de compraventa de finca rústica es principalmente una acción personal (*in personam*), y el caso de autos no es una acción "para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquier forma dicho derecho o interés, y por daños causados a propiedad inmueble." *Davis* v. *Parker*, XIV Allen (Mass.) 94; *Lucas* v. *Patton*, 107 S. W. 1143; *Morgan* v. *Bell*, 28 Pac. 925; *Close* v. *Wheaton*, 70 Pac. 891.

Los casos de *León* v. *Vázquez*, 16 D. P. R. 432, y de *Río* v. *Vázquez*, 16 D. P. R. 808, que han sido citados por la corte de distrito como fundamento de su resolución y en los cuales se ha basado el apelado en este caso, ninguno de los cuales fué un caso de cumplimiento específico de un contrato, no son de aplicación.

La resolución apelada debe ser revocada.

> *Revocada la resolución apelada y ordenado el traslado solicitado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.