Guadalupe et al., Demandantes y Apelados, *v.* The Porto Rico Railway, Light & Power Company, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre daños y perjuicios (resolución negatoria de traslado).

No. 2743.—Resuelto en marzo 9, 1923.

Traslado del Pleito—Residencia del Demandado—Lugar de la Celebración del Juicio.—Como una corporación de servicio público que suministra luz eléctrica a distintos pueblos no es un comerciante a los efectos del párrafo segundo del artículo 78 del Código de Enjuiciamiento Civil, tiene derecho a solicitar que el caso sea trasladado al distrito de su residencia.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. H. Brown.*

Abogados de los apelados: *Sres. F. Cervoni* y *H. G. Molina.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Esta es una acción personal sobre daños y perjuicios por las quemaduras sufridas por el demandante y que se alega fueron originadas por la negligencia de la demandada.

La demandada establece apelación contra una resolución que declara sin lugar una moción de traslado la cual se basaba en tener dicha demandada su residencia en San Juan.

La teoría de la corte inferior era que la demandada es un comerciante que tiene "establecimientos mercantiles en diferentes distritos judiciales" según el alcance y significado del artículo 78 del Código de Enjuiciamiento Civil.

Alega la demanda que la demandada suministra la luz eléctrica que se consume en la ciudad de Humacao, donde tiene establecida una agencia de sus negocios.

En el tomo 27 de Cyc., página 478, encontramos la si·
guiente definición de la palabra comerciante:

"COMERCIANTE: Estrictamente un comprador, pero por exten-
sión, uno que compra para vender, o compra y vende; uno cuyo ne-
gocio es comprar y vender mercancías y que hace ambas cosas, no de
vez en cuando o incidentalmente, sino habitualmente y como un ne-
gocio; el que se ocupa en el negocio de comprar artículos de comercio
y volverlos a vender con el fin de obtener una ganancia; el que se
dedica a la compra-venta de géneros; una persona que compra efec-
tos para venderlos otra vez; una persona que se dedica a un negocio
que requiere la compra de artículos que han de volverse a vender,
ya en la misma o en una condición mejor; un negociante en mercan-
cía; un negociante en géneros, artículos y mercancía, que los tiene a
manos para la venta y actual entrega; uno que negocia en la compra
de efectos; un traficante; cualquier negociante o traficante; uno que
compra y trafica con cualquier cosa; uno que realmente se dedica al
negocio de comerciante; un traficante; uno que trafica comprando y
vendiendo o cambiando efectos o cualquier mercancía; uno que co-
mercia en, o que compra y vende efectos y artículos; uno que trafica
o sostiene negocio.

Y en la página 1232 del tomo 11 de Corpus Juris, encon-
tramos lo siguiente:

"COMERCIANTE: En la ley española, comerciante, cuya condi-
ción legal se fija más determinadamente que en la ley Anglo-Ameri-
cana. De acuerdo con el vigente Código de Comercio Español la pa-
labra 'comerciante' puede comprender individuos con capacidad legal
para el comercio que se dedican al mismo habitualmente y las aso-
ciaciones comerciales o industriales (sociedades o corporaciones) or-
ganizadas de conformidad con dicho código."

El artículo 1 de nuestro Código de Comercio prescribe
lo siguiente:

"Artículo 1.—Son comerciantes para los efectos de este Código:
"1. Los que teniendo capacidad legal para ejercer el comercio,
se dedican a él habitualmente.
"2. Las compañías mercantiles o industriales que se constitu-
yeren con arreglo a este Código."

El artículo 78 del Código de Enjuiciamiento Civil es una

copia literal del 65 del Código Español pero el artículo 66 de la ley anterior fué omitido al elegir las disposiciones que de él fueron llevadas al Código de Idaho adoptado en el año 1904.

Estas dos secciones de la Ley de Enjuiciamiento Civil Española, prescriben lo siguiente:

"Art. 65.—El domicilio legal de los comerciantes, en todo lo que concierne a actos o contratos mercantiles y a sus consecuencias, será el pueblo donde tuvieren el centro de sus operaciones comerciales.

"Los que tuvieren establecimientos mercantiles a su cargo en diferentes partidos judiciales podrán ser demandados por acciones personales en aquel en que tuvieren el principal establecimiento, o en el que se hubieren obligado, a elección del demandante."

"Art. 66.—El domicilio de las compañías civiles y mercantiles será el pueblo que como tal esté señalada en la escritura de sociedad o en los estatutos por que se rijan.

"No constando esta circunstancia, se estará a lo establecido respecto a los comerciantes.

"Exceptúanse de lo dispuesto en los artículos anteriores las compañías en participación, en lo que se refiera a los litigios que puedan promoverse entre los asociados, respecto a los cuales se estará a lo que prescriben las disposiciones generales de esta ley."

Según el criterio que formamos del asunto, la cuestión de si bajo la anterior práctica fué o no alguna vez aplicado el segundo párrafo del artículo 65 en el caso de cualquier corporación el domicilio de la cual se fija en la escritura de sociedad o en sus estatutos, no es necesario que sea ahora discutida.

El párrafo 1 del artículo 65 se limita expresamente a cuestiones relativas a actos o contratos mercantiles "y a sus consecuencias." Es tal vez más que dudoso si las "acciones personales" a que se refiere el párrafo segundo jamás tuvieron por objeto incluir la acción en reclamación de daños y perjuicios por lesiones personales que se alega fueron causadas por negligencia y que para nada se relaciona con ninguna transacción comercial o relación contractual.

Los dos párrafos guardan una relación más íntima en la versión Española que en la traducción al Inglés.  En el texto Español las palabras con que empieza el párrafo segundo y que han sido traducidas por *"persons who"* son las palabras los que (aquellos quienes), refiriéndose claramente a los comerciantes a que se hace mención en el párrafo que precede.  También la frase en Inglés *"where the obligation was incurred"* parece ser algo más general que la referencia del texto Español al partido judicial "en el que se hubieren obligado."

Por regla general el lugar para la celebración del juicio en acciones personales ya se establezcan solamente en reclamación de daños o no, lo determina la residencia del demandado y no debe dársele mayor alcance, por virtud de una interpretación demasiado liberal, a la excepción contenida en el artículo 78 del Código de Enjuiciamiento Civil.  El espíritu y propósito de todo el Capítulo sobre el lugar de la celebración del juicio es que todas las acciones deben celebrarse en el lugar donde reside el demandado con excepción únicamente de aquellos casos excepcionales claramente definidos por prescripciones específicas del estatuto.  Véase el caso de *Baker, Carver and Morell* v. *Healy & Siebert,* resuelto en febrero 23, 1923, (pág. 556).

Pero aparte de todo esto estamos convencidos de que en la demanda ni siquiera se alega que el demandado es un comerciante, o que tiene un establecimiento comercial en Humacao.

Una agencia de sus negocios no es necesariamente un establecimiento comercial.  Y si una corporación de servicio público que suministra luz eléctrica a un pueblo y tiene una agencia de sus negocios en tal localidad es un comerciante, entonces a *fortiori,* una compañía de ferrocarriles que tiene una estación y vende billetes para viajar en cualquier comunidad particular es a la vez un comerciante.  A falta de autoridades, o de un razonamiento muy convincente para sos-

tener la teoría propuesta por la corte inferior, nos vemos obligados a sustentar un criterio contrario.

El caso de *Oliver* v. *Jayuya Development Co.*, 24 D. P. R. 834, único caso que ha sido citado por la corte inferior, no es de aplicación. Esa fué una acción por daños y perjuicios causados a la propiedad inmueble y la sentencia se basó claramente en ese motivo sin resolver ninguna otra cuestión.

Debe revocarse la sentencia apelada.

> *Revocada la resolución apelada y declarada con lugar la moción de traslado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.