Brau Ramírez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
El 7 de noviembre de 1995, los recurridos Pedro Toledo Rosa, su esposa Rosa L. Ortiz Sotomayor, Santiago Domenech Amador, su esposa Nora Torres Torres y las respectivas sociedades de bienes gananciales compuesta por ambas parejas presentaron una demanda ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla, contra la Corporación del Fondo del Seguro del Estado ("el Fondo") y la peticionaria Costa Mar, S.E. ("Costa Mar").
La demanda exponía causas de acción por injunction preliminar y permanente, daños y perjuicios, y restitución de contrato. Estaba basada en la actuación del Fondo de no renovar un contrato de arrendamiento otorgado con los recurridos para el arrendamiento de una propiedad inmueble ubicada en Aguadilla en la cual habrían de establecerse las oficinas del Fondo en dicho municipio. El Fondo *1390 decidió reubicar dichas oficinas en una propiedad perteneciente a Costa Mar, otorgando un contrato de promesa de arrendamiento a favor de ésta. Se alegaba que Costa Mar había interferido torticeramente con la relación contractual entre las partes y que el Fondo venía obligado a renegociar su contrato con los recurridos.
En la demanda se aseveraba que tanto el Fondo como Costa Mar tenían oficinas principales en San Juan. No obstante, los recurridos aducían que "la jurisdicción, así como la competencia de este Honorable Tribunal lo es el Tribunal Superior, Sala de Aguadilla, conforme a lo establecido en las Reglas de Procedimiento Civil de Puerto Rico y según las alegaciones de la demanda, máxime cuando ésta se refiere a una propiedad construida y/o a ser construida localizada en la ciudad de Aguadilla, Puerto Rico...
Costa Mar fue debidamente emplazada el 11 de noviembre de 1995. Mediante moción presentada el 14 de noviembre de 1995, dicha parte solicitó, entre otros remedios, el traslado del caso a la Sala Superior de San Juan. La parte recurrida se opuso. Mediante resolución emitida el 4 de diciembre de 1995, el Tribunal denegó esta solicitud, sin exponer fundamentos.
Inconforme, Costa Mar acudió a este Tribunal mediante el presente recurso. El 8 de diciembre de 1995, emitimos resolución concediendo término a los recurridos para que comparecieran a mostrar causa por la cual no debíamos revocar la resolución recurrida y ordenar el traslado del caso a la Sala Superior de San Juan. Los recurridos han comparecido, contestando el recurso. Procedemos según lo intimado.
11
La competencia territorial de las distintas Salas del Tribunal de Primera Instancia en asuntos de naturaleza civil está gobernada por las Reglas 3.1 a 3.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. El principio general, establecido por la Regla 3.4, es que, salvo que existan otras circunstancias excepcionales, los pleitos deben presentarse en la sala correspondiente a aquella en que tuvieran establecidas sus residencias los demandados. En el caso de comerciantes, sociedades, corporaciones y asociaciones que tuvieran oficina o agentes en diferentes lugares, la Regla añade que dichas partes "podrán ser demandados en la ... sala del lugar en que tuvieren su centro de operaciones, oficina principal o agente o en el lugar en que se hubiesen obligado."
En la situación de autos, una aplicación de dicho precepto apunta a la necesidad de efectuar el traslado a la Sala de San Juan. No existe, en efecto, controversia alguna que las entidades demandadas tienen sus oficinas principales de negocios en San Juan y que el contrato entre el Fondo y los recurridos, así como la promesa de arrendamiento entre el Fondo y Costa Mar fueron otorgados en San Juan.
Para sostener su contención de que la competencia sobre el caso pertenece a la Sala de Aguadilla, la parte recurrida invoca la Regla 3.2 de las de Procedimiento Civil que establece, en lo pertinente:

"Los pleitos en relación con el título o algún derecho o interés en bienes inmuebles deberán presentarse en.la ... sala correspondiente a aquella en que radique el objeto de la acción, o parte del mismo, sin perjuicio de las normas generales de competencia y traslado ..."

La parte recurrida alega que el litigio envuelve un "interés" sobre el inmueble objeto del contrato de arrendamiento, el cual está localizado en Aguadilla, por lo que, a la luz de la disposición citada, la decisión del Tribunal recurrido resulta correcta.
El comentario oficial a la Regla 3.2 refleja, sin embargo, que las acciones contempladas por dicha disposición se refieren más bien a "las. llamadas acciones 'in rem' o sobre una cosa" y a las acciones personales que "participant] ... de la naturaleza de las acciones reales." Véase, 32 L.P.R.A. Ap. III, Comentario 2 a la Regla 3.2.
La demanda presentada por los recurridos no es una acción de naturaleza real. Aunque la misma envuelve la restitución del contrato de arrendamiento de un inmueble perteneciente a los recurridos, no existe controversia alguna en torno a la titularidad, derechos o intereses sobre la propiedad en *1391 cuestión. El verdadero interés de los recurridos en la controversia, en este sentido, radica en las ganancias dejadas de obtener en el negocio, y no la obtención de un remedio que deba ser ejecutado sobre la propiedad. Coincidimos con la parte peticionaria en que se trata de una acción in personam, no in rem. Compárense, Guadalupe v. The P.R. Ry. Lt., 31 D.P.R. 616 (1923); González v. Lebrón, 24 D.P.R. 399 (1916).
El Tribunal Supremo de Puerto Rico ha advertido que:
"[L]as reglas de competencia son las que establecen la ordenada tramitación de los asuntos judiciales dentro de nuestro sistema de jurisdicción unificada... Los jueces deben tener presente que no atenerse a las reglas de competencia puede conducir a la anarquía y resultar en detrimento de la 'solución justa, rápida y económica de todo procedimiento'. ... De no existir razones de peso, los jueces de instancia deben de abstenerse de dar su anuencia, si de la faz de la demanda aparece que no se está ante el tribunal competente." Lemar (Apolo Shopping Center) S.E. v. Varagas Rosado, D.P.R. (1992), 92 J.T.S. 37, a la pág. 9,364.
En la situación de autos, la decisión del foro de Primera Instancia de denegar la solicitud de traslado de Costa Mar debe ser considerada como un abuso de discreción. Id. Procede por lo tanto, su revocación.
Por los fundamentos expresados, se expide el auto de certiorari y se revoca la resolución recurrida, Se ordena, en su lugar, el traslado del caso a la Sala Superior de San Juan para la continuación de los procedimientos.
Lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General