Vázquez, Demandante y Apelado, *v.* Santalís et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre reivindicación y reclamación de frutos.

No. 1662.—Resuelto en julio 27, 1918.

Acción Reivindicatoria—Demanda—Causa de Acción.—Cuando en una demanda de reivindicación lo que se intenta reivindicar son participaciones de una finca en absoluto indeterminadas y en dicha demanda ni siquiera se trata de fijar las participaciones con la necesaria certeza, tal demanda no aduce hechos determinantes de una causa de acción.

Acción Reivindicatoria Entre Comuneros.—Puede seriamente dudarse, y la jurisprudencia tiende a prestar mayor apoyo a la duda, de si una acción de reivindicación es procedente por parte de un comunero contra otro comunero.

Nulidad—Prescripción de la Acción.—Teniendo que considerarse el presente caso como una acción de nulidad a fin de poder dar alguna vitalidad real a los hechos alegados, y habiéndose hecho por la corte inferior declaración de nulidad en el mismo, hay que convenir en que la acción que se ventila en este caso es de nulidad y como tal ha prescrito.

Impedimento para Negar el Justo Título.—Una persona que conscientemente interviene y ayuda a confeccionar un título, está impedida de negar que tal título sea justo.

Escritura de Partición—Nulidad.—Una escritura de partición es un todo con partes de tal modo trabadas entre sí, que no puede destruirse una parte sin afectar el todo. La única acción adecuada que cabría en el presente caso sería una en la que se interesara no sólo la nulidad de la adjudicación sino la nulidad de toda la escritura de partición.

Repudiación—Renuncia de Derechos.—Cuando se toman los bienes bajo una escritura de partición y no se repudia de una manera especial la adjudicación dentro de los cuatro años de haber llegado a su mayor edad, se entenderá que los menores renuncian cualesquiera derechos que tuvieren.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José Sabater.*

Abogados del apelado: *Sres. Fernando Vázquez y J. R. F. Savage.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La demanda en el presente caso que se titula de reivindicación y reclamación de frutos alega sustancialmente que el demandante es el cesionario de José, Bernardo y Matea Olivares y Vélez; que Ramón Olivares y García falleció bajo testamento el día 15 de marzo de 1894 dejando cinco hijos de su primer esposa, a saber, Julio, María, Julio Segundo, Ramón y Guillermo; que en su segunda esposa, Monserrate Vélez, tuvo seis hijos, Bernardo, Matea, José, Hipólito, María y Ramona; que entre otras cosas sus bienes consistían en la finca "Camila" y que instituyó por sus herederos a sus citados once hijos; que el día 25 de agosto de 1895 se hizo extrajudicialmente el inventario y avalúo de los bienes interviniendo la viuda en su propia representación y en la de sus menores hijos, asimismo Julio Olivares por sí y en representación de los demás hijos menores y Joaquín Francisco Santalís de algunos de los menores, nietos del testador; que en la misma fecha tuvo lugar del mismo modo la partición de los bienes; que se le adjudicó a Luis Pío Santalís, que no era ni heredero ni acreedor testamentario un bien inmueble tasado en la suma de $20,324.55 para el pago de las bajas

del caudal, a saber, un condominio por 64 partes de las cien partes iguales en que se consideraba dividida la finca "Camila"; que Hipólito Vélez falleció *ab intestato* y le sucedió su madre Monserrate Vélez; que Ramón Olivares falleció *ab intestato* y le sucedieron sus hermanos; que Guillermo Olivares falleció bajo testamento dejando sus bienes a sus hermanos Julio y Julio Segundo; que Monserrate Vélez falleció sin testar habiéndole sucedido sus hijos; que Julio Segundo falleció sin haber otorgado testamento, habiéndole sucedido sus hermanos; que Ramona Olivares y Vélez falleció asimismo sin haber otorgado testamento y así también falleció su hermana María Olivares y Vélez; que Julio Olivares y Otero cedió todos sus derechos en la herencia a Luis Pío Santalís, haciendo lo propio Monserrate Vélez; que la adjudicación hecha en favor de Luis Pío Santalís se verificó siendo todos los herederos, con la única excepción de uno de ellos, menores de edad, sin la previa autorización judicial y sin que se justificase previamente la necesidad y utilidad de la venta; que dicho condominio fué adquirido de mala fe por Luis Pío Santalís y sin justo título y desde el día que le fué adjudicado, lo viene detentando y percibiendo los frutos que el mismo ha producido y produce; que José, Bernardo y Matea por sí y como herederos de sus hermanos y hermanas cedieron todos sus derechos en la herencia al demandante; que la adjudicación de las referidas 64/100 partes de la finca "Camila" es nula y sin efecto legal alguno y que por lo tanto, el demandante suplicaba se dictase sentencia declarando nula la adjudicación y decretando que el demandado devolviese a los herederos de Ramón Olivares y García, entre los cuales se hallaba el demandante como cesionario, las referidas 64/100 partes de la finca "Camila" y ordenando la rendición de las cuentas completas y detalladas de las rentas y productos de la finca "Camila" y el pago de costas y honorarios de abogado.

Contra esta demanda se interpuso excepción previa, la que fué declarada sin lugar y entraremos ahora a considerar dos de sus fundamentos: 1°. Que no aduce hechos determi-

nantes de una causa de acción; y 2°. Que la acción, siendo una acción de nulidad, ha prescrito por virtud del artículo 1268 del Código Civil.

Después de resuelto el caso de *Longpré* v. *Díaz,* 237 U. S. 512, se han suscitado infinidad de litigios levantando añejas reclamaciones, clase de pleitos jamás favorecida por las cortes. Sin embargo, el caso de *Longpré* v. *Díaz* no es una carta abierta para toda clase de reclamaciones en que intervienen menores. En aquel caso había un sólo menor a quien únicamente le correspondía todo el título de la finca en controversia y siendo nula la adjudicación, no había persona alguna en el mundo que ostentase título alguno adverso a su derecho o que tuviese iguales derechos que él en la ameritada finca. La corte dijo: "Esto lo decimos porque la participación así llamada y la venta de la propiedad por un mero contrato privado estaban directamente en pugna con los preceptos de la ley relativos a la administración y venta de bienes de menores y por lo tanto semejante simple venta privada no creó derechos ningunos en conflicto con el título que tenía el menor en virtud de su condición de heredero." Los derechos sustantivos de los menores hijos de Ramón Olivares y García eran quizás iguales o semejantes a los derechos del menor en el caso de Longpré, a saber, la adjudicación como tal hecha en favor de Santalís no obligaba a los citados menores, en otras palabras, la citada adjudicación de haber permanecido sola y debidamente impugnada ha podido destruirse o descartarse. El caso de Longpré, sin embargo, no determina los derechos de un número de herederos entre sí, cuando han intervenido otros elementos que no fuese una mera adjudicación.

La demanda no aduce hechos determinantes de una causa de acción. Si se examina se verá que no se describe con exactitud cuál es la posesión de que actualmente goza Santalís y a pesar de esto la demanda revela que se le cedieron otras participaciones de la finca. La demanda es deficiente

como demanda de reivindicación puesto que la participación
del demandante, divisa o indivisa, es en absoluto indeter-
minada.   Admitiendo que el demandante tuviese los derechos
que les correspondían a los hijos cuyas participaciones com-
pró, ellos no tendrían una acción reivindicatoria puesto que
la demanda ni siquiera trata de reducir sus participaciones
con la necesaria certeza.   La demanda no localiza otras por-
ciones de la finca "Camila," y sólo contiene la alegación de
que 64/100 de la misma se trató de adjudicar a Santalís.

Nos es sumamente imposible decir con la demanda en la
mano qué participación o aun qué porción "ideal" pertenecía
a los cedentes de Vázquez a la fecha en que se inició el pleito.
La demanda parte de la teoría de que las 64/100 partes se
devuelvan no a Vázquez, ni siquiera a sus cedentes, sino a
todos los herederos.   Y es evidente que Santalís tenía tanto
o más derecho a las 64/100 partes de la finca por la sola
razón de los traspasos hechos en su favor por los otros here-
deros, por no decir nada de su reclamación por las deudas.

Puede seriamente dudarse y nuestra jurisprudencia tiende
a prestar mayor apoyo a la duda de si en todo caso una
acción de reivindicación fuese procedente por parte de un
comunero en contra de otro comunero.   Estas cesiones veri-
ficadas en favor de Santalís no sólo son de participaciones
que se le habían adjudicado a los herederos respectivos por
virtud de la partición primitiva sino que comprendían to-
dos los derechos, título e interés de los herederos deman-
dados.   Por lo tanto aparece perfectamente claro de la de-
manda que el derecho de Santalís, adquirido por cesión de
los herederos que lo enajenaron en su favor, es exactamente
de la misma naturaleza de los derechos que le fueron cedidos
a Vázquez.   Si Vázquez tiene derecho a reclamar la parte
adjudicada de 64/100 partes de la finca Camila también lo
tiene Santalís.   Y ha debido alegarse algo más, en todo caso,
para que pudiera un márshal ejecutar una sentencia si el
pleito lo es de reivindicación.

La única manera de considerar los hechos alegados en la demanda de modo que pueda dárseles alguna vitalidad real es considerándola como una acción de nulidad. En su forma necesariamente es así. La última relación de hechos alega la nulidad, la súplica pide la declaración de nulidad y la corte inferior a instancias del demandante así lo declara. La acción lo es de nulidad y como tal ha prescrito.

Después de haberse declarado sin lugar la excepción previa contestaron los demandados. Entre otras cosas éstos alegaron la defensa de posesión adquisitiva.

El demandado alega la prescripción adquisitiva de más de veinte años. El demandado estaba necesaria y efectivamente en posesión de una gran porción del terreno con un buen título, que es más que un justo título. Se le imputa al demandado la mala fe. Pero ¿qué diremos del demandante, abogado y procurador que fué el activo hombre de leyes, consultor y consejero de los menores, y en gran parte el instrumento que intervino en el traspaso de esta porción de 64/100 a Santalís? No necesitamos fundar nuestra decisión sobre este punto, pero podemos poner en tela de juicio si Fernando Vázquez no estuvo impedido de negar que un título que ayudó a confeccionar y en el que conscientemente intervino fuera un justo título. También podemos preguntar, si no existiría un impedimento en su contra sobre la mera controversia aun cuando no se hubiera radicado la alegación de prescripción.

Pasemos a otros puntos desarrollados en el juicio. Se ha admitido que Santalís está en posesión de toda la finca. El testamento fué ofrecido como prueba. El testador legó la parte de libre disposición a su esposa. Esa parte fué también adquirida por Santalís en el traspaso que le hizo Monserrate Vélez. Se ofreció como prueba la escritura de partición. De ella se desprende el hecho de que todos los causantes de Fernando Vázquez, los alegados menores herederos, recibieron una porción ideal de la finca en contro-

versia.    Aceptaron esta porción y se la vendieron a Santalís con la debida autorización judicial.  ¿Era la escritura de partición de 1895 una totalidad o era susceptible de segregarse en parte?  Una escritura de partición es un todo con partes de tal modo trabadas entre sí que no puede destruirse una parte sin afectar el todo.  Cuando menos aquel que descansa sobre la destrucción de una parte debe demostrar que esa parte puede segregarse sin destruir el todo.  Aquí todos, el demandante, el demandado y herederos en general, aceptaron y actuaron bajo la escritura de partición.  Bajo los hechos del presente caso no procede acción alguna que no persiga la destrucción de toda la testamentaría.  No existe la más mínima insinuación, además, de que los citados menores herederos, desde hace ya tiempo mayores de edad, ofrezcan poner en la masa común el beneficio por ellos adquirido.  De modo que la única acción adecuada que cabría en este caso lo sería aquella en la que se interesara no sólo la nulidad de la adjudicación, sino la nulidad de toda la escritura de partición.

También hay la cuestión de ratificación o repudiación de derechos.  Al tomar los bienes bajo esta escritura de partición y puesto que jamás repudiaron de una manera especial la adjudicación dentro de los cuatro años de haber llegado a su mayor edad, los menores renunciaron cualesquiera derechos que tuviesen.  A la fecha de la citada escritura de partición en 1895 el más joven de los menores causantes de Vázquez tenía ocho años de edad.  Por lo tanto tenía unos 29 años cuando se inició el presente pleito.

Es de revocarse la sentencia recurrida y dictarse otra en favor del demandado.

*Revocada la sentencia recurrida y dictada otra*
*en favor del demandado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.