## Blackerby, et al. v. Oder.

(Decided December 18, 1923.)

### Appeal from Grant Circuit Court.

1. Principal and Agent—Contract Held to Create Mere Agency, and Not Partnership.—A contract whereby plaintiff was to receive 5 per cent. of all lands sold for a certain third party, held to create merely an agency, and not a partnership.

2. Partnership—No Partnership Created where One Employs Another on Percentage Basis.—Where one employs another to conduct a business for him and receive a certain per cent. of the profits for compensation, no partnership is created, as there must

be a participation in the profits as profits to constitute a partnership.

3. Brokers—Broker Employed to Sell Lands for Share of Profits Not Partner.—A broker employed to sell lands, and promised a share of the profits as compensation for his services, is not the landowner's partner, but his agent or employee.

C. C. ADAMS for appellants.

DE JARNETTE & HARRISON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

The question in this case is, whether appellee, Charles F. Oder, was at the time of the commencement of this action a member of the real estate partnership firm of W. O. Blackerby & Sons. The appellant company asserts that Oder was a member of the firm, while Oder denies that he was other than an agent of the firm, not a principal. The written contract, so far as relevant, reads:

"It is further understood and agreed by the parties hereto that the party of the second part shall receive a commission of 5% on all land sold for the party of the first part to prospects furnished by him who buy land of the W. E. Stewart Land Company. It is further understood that the rate for both agent and prospect to the Valley and return shall be $100.00 each. It is further understood and agreed that all commissions are to be paid, when fifty per cent of purchase price of the land has been paid, or for a certain amount as may be hereinafter agreed upon by W. O. Blackerby & Sons & Co. and the W. E. Stewart Land Company. All prospects must be passed on by the party of the first part or the general agents before loading on trains. The party of the second part shall use his best efforts to secure the best prospects as buyers for the land in the Lower Rio Grande Valley.

"The above agreed to this the 15th day of June 1920.

"Party of first part, W. O. Blackerby & Sons & Co.

"Party of second part, Chas. E. Oder."

Before the making of the foregoing agreement, on June 5, 1920, the firm of W. O. Blackerby & Sons & Co. entered into a written contract with appellee Oder, whereby Oder engaged himself to become a member of the firm for the purpose of representing the firm in Grant

county and to list real estate in any territory he saw fit under the firm name of W. O. Blackerby & Sons & Co., for which he was to receive 3/10 of the commission when a sale of property so listed was consummated and commissions collected. In case he sold a piece of real property listed with the firm he was to receive 3/10 of the commission from said sale, and if he listed a piece of property in the firm name and later sold it he was to receive 6/10ths of the commission, the balance of the commission in each case going to the firm. In this contract the expression "to be paid" is frequently employed in the contract to indicate what appellee Oder was to receive for his services. The contract also contains this provision: "It is agreed that neither party or member of this firm shall incur an indebtedness on account of the firm, or any member thereof." While this writing specifically states appellee Oder had entered into the partnership firm, the terms of the contract look very much like he was merely employed as an agent of the firm. However this may be, the writing as copied above, made some two months or more after the original contract, clearly indicates that with respect to the special work to be done by Oder in the sale of the Texas lands he was to be merely the agent and salesman of Blackerby & Sons & Company, receiving a commission for his services but not participating in the profits or losses of the firm business. By this latter contract he was engaged on a commission of five (5%) per cent to be paid him for all lands sold by him for Blackerby & Sons & Company, and for all lands sold by Blackerby & Sons & Company to prospects furnished by appellee Oder to Blackerby & Sons & Company. Only lands located in the lower Rio Grande Valley in Texas were included in the terms of the last agreement. The first contract related to lands in Kentucky and especially in Grant county. Appellee Oder was not given the right of passing upon the prospects, but this was reserved to Blackerby & Sons & Company and the W. E. Stewart Lands Company. The latter firm owned the lands in the state of Texas which were to be sold and of which Blackerby & Sons & Company were the agents in Kentucky. To aid them in their work Blackerby & Sons & Company employed appellee Oder as their representative to find prospective purchasers for the lands in Texas.

Clearly the contract of June 15th is separable from the first contract between the same parties of date April 15, 1920. The first one relates to lands in Kentucky and the last to lands in Texas. The commission under the first contract was 3/10ths of the commission of the firm when a sale was concluded, while the commission under the latter contract was five (5%) per cent.

After making of the contract of June 15th, appellee Oder found and presented three prospects, who later bought land through Blackerby & Sons & Company from the W. E. Stewart Land Company in Texas, and these purchasers before the commencement of this action had actually paid to that land company more than fifty per cent of the purchase price of the lands. By the terms of the contract "all commissions are to be paid when fifty per cent of the purchase price of the lands has been paid." Appellee Oder demanded of Blackerby & Sons & Company payment of his commission, amounting to more than $1,400.00 arising from a sale of the Texas lands which his prospects purchased amounting to more than $27,000.00. Blackerby & Sons & Company declined to pay the commission and when sued first answered that Oder was a member of the partnership and as such could not maintain an action against other members of the firm until the partnership affairs were closed. The same answer denied that any part of the commissions due from the Stewart Land Company had been paid to Blackerby & Sons. Later an amended answer was filed admitting that a part of the commission had been paid by the Stewart Land Company to Blackerby & Sons & Company, but the answer averred that the commission earned by appellee Oder was not due because Blackerby & Sons & Company had not received the full amount of commission from the Stewart Land Company.

By the plain terms of the contract Blackerby & Sons & Company agreed to pay Oder his commissions when as much as fifty per cent of the purchase price on the lands had been paid to the Stewart Land Company. The payment of the commission to Oder was not made to depend upon the payment of the commission by the Stewart Land Company to Blackerby & Sons & Company. When Oder found and introduced prospects who later purchased land and paid as much as fifty per cent on the purchase price his commissions were due from Blackerby & Sons & Company, and it was the duty of Blackerby & Sons & Company to pay it.

The contention of appellant Blackerby & Sons & Company that appellee Oder was a member of the partnership and could not therefore maintain an action against the other members of the firm for his commission until the partnership affairs were settled, is utterly without merit, for, as we have seen, the contract by which Oder undertook to find prospective purchasers for the Texas lands was not, in its nature, a partnership agreement.

Chancellor Kent defines a partnership as a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business; and to divide the profit and bear the losses in certain proportions. Many other definitions of merit may be found on pages 800-801 of 20 R. C. L.

Where one employs another to conduct a business for him, the one so employed to receive a certain per cent of the profits as compensation, no partnership is created. Cases in which services are rendered by an agent or servant who is given no power as a partner in the firm, and no interest in the profits, but is to receive only a given sum or per cent out of the profits, or a proportion of the same, as compensation for his services, is merely an agent and not a principal, no partnership having been created. A person does not become a member of a partnership even as to third persons by the mere fact that his compensation is measured by the amount of the profits earned in business, or that he received a certain part or share of the profits for his services; or that he received compensation for his services, partly in money and partly in share of the profits. In order to constitute a partnership there must be a participation in the profits as profits, for in all cases falling within the exception, those entitled to compensation participate in the profits not as profits but as wages or salary. The principle that one is entitled to receive a share of the profits as compensation for services as agent or employe embraces factors and brokers who receive a commission out of the proceeds of real estate sold by them. 20 Corpus Juris, pp. 833-836.

A broker employed to sell lands and promised a share of the profits as compensation for his services is not the landowner's partner but his agent or employe. 18 L. R. A. (N. S.) 1035; Darrow v. St. George, 8 Colo. 592, 9 Pac. 791; Durkee v. Gunn, 41 Kans. 496, 13 Amer. St,

Rep. 300; Title Ins. & T. Co. v. Grider, 152 Cal. 746, 94 Pac. 601; Blight v. Ewing, 1 Pitts. 275.

As appellee Oder did not receive from appellant Blackerby & Sons & Company a part of the profits as profits but merely received a part of the commissions earned by the firm as compensation for services in finding purchasers and promoting sales of land in Texas, he is not in law deemed a partner in the Texas transactions of the firm of Blackerby & Sons & Company but must be held to be merely the agent or servant of that firm, to perform certain services, his compensation depending, not upon the profits of the firm for he did not share in the profits, but upon the commission earned by him for the firm and to be paid by the firm to him. It was not necessary, therefore, to have a settlement of the partnership affairs before he could maintain an action to recover the commissions due him and which were definite and certain and entirely separable from any other commissions which he may have earned under the original contract with Blackerby & Sons & Company.

For the reasons indicated the judgment is affirmed. Judgment affirmed.