RIVERA ET AL., DEMANDANTES Y APELANTES, *v.* SANZ CINTRÓN, DEMANDADO Y APELADO.

No. 3186.—*Visto:* Marzo 21, 1924.  *Resuelto:* Febrero 18, 1925.

DESCENDENCIA Y DISTRIBUCIÓN—DERECHOS Y RESPONSABILIDADES DE HEREDEROS Y ''DISTRIBUTEES''—NATURALEZA Y ESTABLECIMIENTO DEL DERECHO EN GENERAL—ACCIONES EJECUTADAS POR HEREDEROS—REIVINDICATORIA.—Practicada una partición de bienes en que hay menores, y adjudicados bienes para el pago de deudas sin haberse obtenido autorización judicial previa para ello, dicha adjudicación es una enajenación que cae dentro de la sanción de la ley, y a falta de dicha autorización judicial, los menores tienen derecho, mediante acción reivindicatoria, a reclamar su participación en la propiedad así adjudicada (*Longpré* v. *Díaz,* 237 U. S. 512, seguido; *Vázquez* v. *Santalís,* 26: 677, distinguido).

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), declarando sin lugar la demanda, con costas.  *Revocada* y dictada otra en su lugar.

*R. Agrait Aldea,* abogado del apelante; *Antonio Lens Cuena y Luis Mercader,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

A la muerte de Eladio Rivera Colón sus tres hijos naturales reconocidos, Emilio Rivera Vélez, Osvaldo de iguales apellidos y Juana de León, que se nombra en este pleito

Juana Rivera, siendo los dos últimos menores de edad pero representados legalmente por otras personas, practicaron en 7 de agosto de 1912 las operaciones de inventario, avalúo, partición y adjudicación de los bienes relictos de su padre, las que fueron aprobadas judicialmente, protocoladas en una notaría e inscritas en el registro de la propiedad. En esas operaciones fueron inventariados varios bienes inmuebles y dinero, así como algunas deudas de cuyo pago se hizo cargo el heredero mayor de edad Emilio, a quien se adjudicaron bienes en cantidad suficiente para el pago de las deudas y de su participación hereditaria. Posteriormente, y siendo ya mayor de edad el heredero Osvaldo, vendió a tercera persona el condominio que le fué adjudicado en uno de los bienes inmuebles de la herencia y más tarde, en agosto 22, presentó este pleito en unión de Juana Rivera para que se declare que cada uno de ellos es dueño de una tercera parte o condominio pro indiviso de la finca objeto del pleito, y que se cancele en el registro la inscripción de la partición de bienes de que se ha hecho mención en cuanto a dos terceras partes de la finca a que se hace referencia por ser inexistentes y sin eficacia alguna los actos que dieron motivo a esas inscripciones y que el demandado les restituya la posesión de esos condominios y les pague cierta cantidad por las rentas percibidas y las que se perciban hasta terminar el pleito. La acción en este caso fué dirigida contra plácido Sanz Cintrón, actual dueño de la finca, que ha llegado a su poder después de varias transmisiones, y fué defendido en este pleito en evicción por el que le vendió. Dictada sentencia en contra de los demandantes, interpuso apelación solamente Juana Rivera. Por el hecho de no apelar Osvaldo y tal vez por otras razones sus derechos no necesitan ser considerados en este caso. Como nadie estaba autorizado para actuar a nombre de ella en este sentido, la adjudicación que se hizo a su hermano de propiedad en pago de deudas era una enajenación y cae dentro de la sanción de la ley, como se resolvió en el caso de *Longpré* v. *Díaz,* 237 U.S. 512. En

el de *Vázquez* v. *Santalís,* 26 D.P.R. 677, dijimos: "Los derechos sustantivos de los menores hijos de Ramón Olivares y García eran quizás iguales o semejantes a los derechos del menor en el caso de *Longpré,* a saber, la adjudicación como tal hecha en favor de Santalís no obligaba a los citados menores, en otras palabras, la citada adjudicación de haber permanecido sola y debidamente impugnada ha podido destruirse o descartarse. El caso de *Longpré,* sin embargo, no determina los derechos de un número de herederos entre sí, *cuando han intervenido otros elementos que no fuese una mera adjudicación.*" (Itálicas nuestras). Dijimos que el caso de *Longpré* no era aplicable cuando otros elementos habían intervenido, y lo demás del caso muestra que tuvimos presente otras cosas como las ratificaciones, confirmaciones y otras semejantes. Allí los actos de ratificación tuvieron lugar cuando los demandantes eran mayores de edad, pero aquí no hubo tal posibilidad u ocurrencia. Juana Rivera era todavía menor de edad cuando este pleito fué establecido.

También en el caso de *Vázquez* v. *Santalís, supra,* las porciones de los demandantes, divisas o indivisas, se tuvieron por indeterminadas, pero aquí Juana Rivera tiene claramente derecho a una tercera parte del solar en cuestión.

En el de *Fernández* v. *Capó,* 27 D.P.R. 715, y en *Santini* v. *Díaz,* 27 D.P.R. 816, y *Sucesión De Jesús* v. *Pérez,* 28 D.P.R. 319, dijimos claramente que la partición o división generalmente no era necesaria para justificar una acción de reivindicación, y estamos convencidos de que tal acción puede establecerse aún entre herederos. En otras palabras, que los demandados, aunque substituyen a uno o más de los herederos, no pueden defenderse en reivindicación contra este menor. De acuerdo con la ley la propiedad de ella ha sido enajenada y ella era incapaz, durante todo este tiempo de dar efecto legal a la alegada partición o división.

Existe discrepancia entre los mismos miembros de la corte acerca de si debe haber una concesión de frutos. Como

la mayoría de la corte, por distintas razones, no está inclinada a conceder frutos, y el apelante no sólo ha dejado de hacer el señalamiento de error exigido por las reglas 42 y 43 del Reglamento de esta corte, sino que en su alegato insistía únicamente en la reivindicación, no indicaba cómo puede hacerse un cálculo de los frutos, ni tampoco la parte o partes de los autos de donde tal cálculo podía hacerse, debe revocarse la sentencia apelada y dictarse otra sin concederse frutos o costas.

*Debe revocarse la sentencia y en su lugar dictarse otra por esta corte declarando que la demandante tiene derecho a una tercera parte de la finca en cuestión, y ordenando que una vez que esta sentencia haya sido registrada en la Corte de Distrito de Arecibo se remita copia de la misma al Registrador de la Propiedad de Arecibo para su debida inscripción.*