SALVADOR DE LA ROSA and FÉLIX CORTÉS, doing business as DE LA ROSA & CORTÉS, and known as PONCE MOTORS, Plaintiffs and Appellees, *v.* PUERTO RICO MOTORS, Defendant and Appellant.

No. 7948.   Argued February 11, 1941.—Decided March 25, 1941.

*Dubón & Ochoteco,* for appellant. *R. Hernández Matos,* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a case of removal in which the construction of Section 78 of the Code of Civil Procedure, as amended by Act No. 69 of 1934, page 474, is involved.

After examining the record and the briefs, we are of the opinion that the shortest approach to what took place in the trial court and to the salient issues which we must study and decide is to transcribe in full the order appealed from. It states:

"In this case a complaint for the collection of money was filed by Salvador de la Rosa and Félix Cortés, doing business under the name of 'De la Rosa & Cortés', and also known as 'Ponce Motors', against the Puerto Rico Motors, which, it is alleged, is a corporation organized in accordance with the laws of Puerto Rico and registered in the Executive Secretary's Office of this Island.

"After the defendant, Puerto Rico Motors, had been summoned, it appeared and requested the removal of the case to the District Court of San Juan, Puerto Rico, alleging that this was the place of its domicile. She filed with her motion an affidavit of merits, a demurrer, a complaint, a motion to strike, a motion for a bill of particulars and the corresponding notice.

"An answer to the motion requesting a bill of particulars was filed and a day was set for the hearing of the motion for removal, which took place on December 5, 1938.

"On this day, the plaintiff appeared and filed an opposition to the motion for removal and offered documentary evidence in support. of its contention, to wit, a letter dated November 3, 1938, signed by the defendant and addressed to the plaintiff, which reads as follows in its first paragraph:

344

" 'We hereby confirm what was verbally said to your Mr. De la Rosa by our Mr. Francis, that is, that we have decided to end and we have ended our agreement with you through which *you were our sales agents in Ponce for the Packard, De Soto, Fargo, Reo and Hudson motor vehicles.*' (Italics supplied.)

"The defendant requested the court and the latter granted it, to present a counter-affidavit signed by Mr. Hugh R. Francis, alleging that the defendant did not have, at the date of the filing of the complaint or at any other date referred to in the complaint, any commercial establishment whatsoever under its direction in the Judicial District of Ponce, and further stating that according to the complaint and to the bill of particulars, the plaintiffs acted exclusively on their own account and simply as sales agents of the defendant, on a commission basis.

"Section 78 of the Code of Civil Procedure of Puerto Rico, (1933 ed.) p. 29, was amended by Act No. 69, approved on May 13, 1934 (Laws of 1934, page 474), and reads as follows:

" 'Section 78.—The legal residence, for all legal purposes, of merchants, partnerships, corporations, and associations shall be, the town where they have their center of operations or main office. Merchants, partnerships, *corporations,* and associations having an office *or agent in different judicial districts* may be *sued in any of said districts* or in that in which the obligation was incurred, at the election of the plaintiff.' (Italics supplied.)

"There is no doubt, in the court's opinion, that according to the evidence which was presented, the plaintiffs were sales agents of the defendant corporation. If this is so, we have to arrive at the conclusion that as the defendant had agents in this District of Ponce, it may be sued in said district at the will of the plaintiff.

"For the reasons set forth, the motion for the removal of this case is denied."

If the conclusion arrived at by the district court in regard to the existence of the agency of the defendant in Ponce is justified, the appeal must be dismissed since in such case the applicable law does not admit any construction other than the one given to it by said district court.

■ The law—Section 78 of the Code of Civil Procedure is of Spanish origin. (*Ojeda* v. *Gavilán*, 46 P.R.R. 386.) It

remained in force without being altered since 1904 when the Code was approved, until 1934, when it was amended. It read as follows:

"Section 78.—The legal residence of merchants, in all that relates to commercial acts and contracts and the consequence thereof, shall be the town where their principal place of business is located.

"Persons who have commercial establishments situated in different judicial districts, may be sued in personal actions at their principal place of business, or where the obligation was incurred, at the election of the plaintiff."

And it reads at present:

"Section 78.—The legal residence, for all legal purposes, of merchants, partnerships, corporations, and associations shall be the town where they have their center of operations or main office. Merchants, partnerships, corporations, and associations having an office or agent in different judicial districts may be sued in any of said districts or in that in which the obligation was incurred, at the election of the plaintiff." Laws of 1934, page 474.

As may be seen, by virtue of the amendment there were expressly included in the rule, besides the merchants, the partnerships, the corporations and the associations; and the words "in all that relates to commercial acts and contracts and the consequence thereof," were substituted by the words "for all legal purposes," leaving the "operations" without qualifying and adding "or main office".

This, in regard to the first part. In regard to the second, "commercial establishments" was substituted by "office or agent", without giving preference to any place, it being possible to sue the merchant, the partnership, the corporation or the association in any district where it may have an office or agent.

The amendment broadens and completes the legislative will to exclude the merchants from the general rule contained in Section 81 of the Code of Civil Procedure, including in the exclusion the juridical persons therein expressed and

making the ones and the others liable before the district courts, not only of the district of their main office but of the place where they may have their office or agent.

The legislator thought it more fair that if a merchant, partnership, corporation or association extended their business through offices or agents in the different judicial districts in which the Island is divided, to submit them to the jurisdiction of the courts of each district in cases of personal claims, at the will of the plaintiff, than to bind the latter to file his action in the district of the residence of the merchant, partnership, corporation or association at the will of the same.

And it is so in fact, because generally the merchants, partnerships, corporations and associations have at their disposal more and better means to defend their affairs before far away courts than private persons, especially when minor claims are involved. The facts of the case of *P. R. Express Co.* v. *Igartúa et al.,* 38 P.R.R. 884, illustrate our conclusion.

■■ Let us now see whether the existence of the agency in Ponce was shown.

The appellant sustains that the relations existing between the plaintiffs and the defendant were not those of an agency, emphasizing the fact that it appears from the pleadings themselves that the plaintiffs acted in their business in an independent manner under their own name, paying their own office expenses and employees, and only receiving a fifty per cent commission between the price fixed for the automobiles and that of their sale and accepting on deposit (*a consignación*) the automobile parts and accessories, retaining as their benefit the difference between the price fixed and that of sale.

But that same party addressed the plaintiffs in the letter which the trial judge transcribes in his order as "its sales agents", and this, notwithstanding that the fact appears from

the record that when the plaintiffs ceased as agents, the agency continued in Ponce, in Concordia Street, Fernando de la Vega being its manager.

"An agent" is defined in 2 C.J.S. 1024, as "one who, by the authority of another, undertakes to transact some business or manage some affairs on account of such other, and to render an account of it."

And it is further stated at page 1025:

"The word 'agent' is a very extensive term, and includes a great many classes of persons to which distinctive appellations are given, such as factors, brokers, attorneys, cashiers of banks, clerks, consignees, etc., and in a general sense applies to all persons in the service of, or who perform some acts for, another, and who in a legal sense would not be the agent of such other."

And on page 1031:

"Whether the relation is one of agency or of buyer and seller depends on the intention of the parties. One who buys goods on behalf of another or to whom goods are delivered to sell for the benefit of another is an agent, but one who purchases on his own behalf to sell to another is not.

"Whether a contract is one of sale or of agency depends on the intention of the parties as gathered from the whole scope and effect of the language employed, and in doubtful cases all that passed between the parties, before and contemporaneously with the dealings under consideration, must be reviewed. The question is generally one for the jury, except where the evidence is clear and undisputed."

In one of the footnotes of the treatise, we find the following citation:

"Where one is employed for a certain purpose and is to receive as compensation a percentage of the profits, he is an agent and not a partner. *Meehan* v. *Valentine*, (Pa.) 12 S. Ct. 972, 145 U. S. 611, 36 L. Ed. 835—*Blackerby* v. *Oder*, 257 S. W. 43, 201 Ky. 403."

The appellant insists that as we are concerned with an exception to the general rule, that is, that as the rule is that in personal actions the place of the domicile of the defendant should prevail, the exception must be strictly construed and

in consequence thereof it must be decided that the agency that may have been shown here is not the full agency contemplated by the statute in order that the jurisdiction may be lost.

Perhaps there is some merit in appellant's contention, but the truth is that considering the conditions of the record which appellant itself presented and filed to uphold its appeal, every presumption in regard to the peculiar circumstances which may concur in the relations between the plaintiffs and defendant must be appraised as sustaining the conclusion arrived at by the trial court, that is, as showing a true and complete case of agency.

In the appellant's brief as well as in that of the appellees, reference is made to oral evidence presented, and that evidence does not appear from the transcript. If it does not appear it must be concluded that the party who should have included it has not placed us in the same position in which the trial court found itself and that in consequence it cannot request us to reverse its order which contains a conclusion based on the evidence, which means all the evidence and not a part of the same.

For the foregoing reasons the appeal must be dismissed and the order appealed from affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.