SALVADOR DE LA ROSA y FÉLIX CORTÉS, haciendo negocios bajo el nombre de DE LA ROSA & CORTÉS, y conocidos con el nombre de PONCE MOTORS, demandantes y apelados, *v.* PUERTO RICO MOTORS, demandada y apelante.

Núm. 7948.—*Sometido:* Febrero 11, 1941. *Resuelto:* Marzo 25, 1941.

*Dubón & Ochoteco,* abogados de la apelante; *R. Hernández Matos,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Este es un caso de traslado en el que está envuelta la interpretación del artículo 78 del Código de Enjuiciamiento Civil tal como quedó enmendado por la ley núm. 69 de 1934, pág. 475.

Después de un examen de los autos y de los alegatos, nos parece que la forma más breve de conocer lo ocurrido en la corte sentenciadora y los puntos salientes a estudiar y a resolver, es la de transcribir íntegra la resolución apelada. Dice:

"En este caso se presentó demanda en cobro de dinero por Salvador de la Rosa y Félix Cortés, haciendo negocios bajo el nombre de 'DE LA ROSA & CORTÉS', y conocidos también como 'Ponce Motors', contra la Puerto Rico Motors, que se alega es una corporación organizada de acuerdo con las leyes de Puerto Rico, e inscrita en la Secretaría Ejecutiva de esta Isla.

"Emplazada la demandada, Puerto Rico Motors, ésta compareció solicitando el traslado del caso para la Corte de Distrito de San Juan, Puerto Rico, alegando ser ése el lugar de su domicilio. Se acompañó *affidavit* de méritos, excepción previa, requerimiento o demanda, moción para eliminar, moción solicitando especificación de particulares y la correspondiente notificación.

"Se radicó una contestación a la moción solicitando especificación de particulares, y se señaló día para oír la moción de traslado, la que tuvo lugar en 5 de diciembre de 1938.

"En este día compareció la parte demandante, presentando una oposición a la moción de traslado y evidencia documental en apoyo de su contención, consistente en una carta de fecha 3 de noviembre de 1938, firmada por la demandada y dirigida a los demandantes, que en su primer párrafo lee como sigue:

" 'Por la presente confirmamos lo dicho verbalmente a su señor De la Rosa por nuestro señor Francis, o sea que hemos resuelto terminar, y se ha terminado nuestro arreglo con ustedes mediante el cual *ustedes eran agentes vendedores nuestros en Ponce para los vehículos de motor Packard, de Soto, Fargo, Reo y Hudson.*' (Itálicas nuestras.)

"La demandada solicitó de la corte, y ésta lo admitió, presentar un contra-affidavit firmado por el Sr. Hugh R. Francis, alegando que la demandada no tenía en la fecha de la radicación de la demanda, ni en ninguna fecha a que se refiere la demanda, establecimiento mercantil alguno a su cargo en el distrito judicial de Ponce, y exponiendo además que según resulta de la demanda y del pliego de particulares, los demandantes actuaban exclusivamente por su propia cuenta como simples agentes vendedores de la demandada, a base de comisión.

"El artículo 78 de la Ley de Enjuiciamiento Civil de Puerto Rico, ed. 1933, pág. 28, fué enmendado por la ley núm. 69, aprobada el 13 de mayo de 1934 (Leyes de 1934, pág. 475), y lee como sigue:

" 'Artículo 78.—La residencia legal de los comerciantes, sociedades, corporaciones y asociaciones a todos los fines legales será el pueblo donde tuvieren su centro de operaciones u oficina principal. Los comerciantes, sociedades, *corporaciones* y asociaciones que tuvieren oficina o *agente en diferentes distritos judiciales,* podrán ser *demandados en cualquiera de dichos distritos,* o en el que se hubieren obligado a elección del demandante.' (Itálicas nuestras.)

"No hay duda alguna, a juicio de la Corte, que de acuerdo con la prueba presentada, los demandantes eran *agentes vendedores* de la corporación demandada. Si ello es así, tenemos que llegar a la conclusión de que teniendo la demandada agentes en este distrito de Ponce, puede ser demandada en dicho distrito a elección de la parte demandante.

"Por las razones expuestas, se deniega la solicitud de traslado en este caso."

Si la conclusión a que llegó la corte de distrito en cuanto a la existencia de la agencia de la demandada en Ponce está justificada, el recurso deberá declararse sin lugar porque en tal caso la ley aplicable no admite otra interpretación que la que le diera la dicha corte de distrito.

La ley—artículo 78 del Código de Enjuiciamiento Civil—es de origen español. (*Ojeda* v. *Gavilán,* 46 D.P.R. 399, 404.) Rigió sin alteración desde 1904 en que se aprobó el Código hasta 1934 en que fué enmendada. Leía como sigue:

"Artículos 78.—La residencia legal de los comerciantes en todo lo que concierna a actos y contratos mercantiles, y sus consecuencias, será el pueblo donde tuvieren el centro de sus operaciones comerciales. Los que tuvieren establecimientos mercantiles a su cargo en diferentes distritos judiciales, podrán ser demandados por acciones personales en aquél en que tuvieren el principal establecimiento, o en el que se hubieren obligado, a elección del demandante."

Y ahora lee:

"Artículo 78.—La residencia legal de los comerciantes, sociedades, corporaciones y asociaciones a todos los fines legales será el pueblo

donde tuvieren su centro de operaciones u oficina principal. Los comerciantes, sociedades, corporac'ones y asociaciones que tuvieren oficina o agente en diferentes distritos judiciales, podrán ser demandados en cualquiera de dichos d'stritos, o en el que se hubieren obligado, a elección del demandante." Leyes de 1934, pág. 475.

Como puede verse, a virtud de la enmienda se incluyeron expresamente en la regla además de los comerciantes, las sociedades, las corporaciones y las asociaciones sustituyéndose las palabras "en todo lo que concierna a actos y contratos mercantiles, y sus consecuencias" por "a todos los fines legales", dejando las "operaciones" sin calificar y agregando "u oficina principal".

Eso en cuanto a la primera parte. En cuanto a la segunda se sustituyó "establecimientos mercantiles" por "oficina o agente", sin darse preferencia a ningún sitio, pudiendo demandarse al comerciante, a la sociedad, a la corporación o a la asociación en cualquier distrito judicial en que tuviere oficina o agente.

La enmienda amplía y completa la voluntad legislativa de excluir de la regla general contenida en el artículo 81 del Código de Enjuiciamiento Civil a los comerciantes, incluyendo en la exclusión las personas jurídicas que expresa y haciendo a los unos y a las otras responsables ante las cortes de distrito no sólo de su oficina principal si que del sitio donde tuvieren su oficina o agente.

Parecióle al legislador más justo que si un comerciante, una sociedad, una corporación o una asociación extendían a su conveniencia sus negocios por medio de oficinas o agentes por los varios distritos judiciales en que está dividida la isla, el someterlos a la jurisdicción de las cortes de cada distrito en casos de reclamaciones personales, a elección del demandante, que obligar a éste a tramitar su pleito en el distrito de la residencia del comerciante, sociedad, corporación o asociación a voluntad de los mismos.

Y así es en efecto porque generalmente comerciantes, sociedades, corporaciones y asociaciones cuentan con mayores

y mejores medios para defender sus asuntos ante cortes lejanas que las personas particulares, sobre todo cuando se trata de reclamaciones de menor cuantía. Los hechos del caso de *Porto Rican Express Co.* v. *Igartúa, Juez Municipal,* 38 D.P.R. 983, ilustran nuestra conclusión.

██ Veamos ahora si se demostró la existencia de la agencia en Ponce.

La parte apelante sostiene que las relaciones existentes entre demandantes y demandada no eran las de agencia, haciendo énfasis en que de las propias alegaciones surge que los demandantes actuaban en su negocio independientemente, bajo su propio nombre, satisfaciendo sus gastos de oficina y empleados, recibiendo sólo una comisión de un cincuenta por ciento entre el precio fijado a los automóviles y el de su venta, y aceptando a consignación las piezas y accesorios, reteniendo como beneficio la diferencia entre el precio fijado y el de su venta.

Pero esa misma parte llamó a los demandantes en la carta que el juez sentenciador transcribe en su resolución sus "agentes vendedores", ello aparte de que surge de la transcripción el hecho de que cuando cesaron los demandantes la agencia continuó establecida en Ponce, en la calle de la Concordia, estando al frente de ella Fernando de la Vega.

"Un agente", se dice en 2 C. J. S. 1024, "es aquél que autorizado por otro, se compromete a llevar a cabo algún negocio o a administrar algún asunto por cuenta de esa otra persona y a rendir cuentas del mismo."

Y agrega, a la página 1025:

"La palabra 'agente' es un término muy amplio e incluye muchas clases de personas a quienes se conoce por distintos títulos, tales como agentes comisionados (factors), corredores, apoderados, cajeros de bancos, escribientes, consignatarios, etc., y en un sentido general se aplica a todas las personas al servicio de o que llevan a efecto alguna gestión para otro, y quienes en el sentido legal, no serían agentes de esa otra persona."

Y a la 1031:

"El si la relación es una de agencia o de comprador y vendedor depende de la intención de las partes. Uno que compra mercaderías (goods) para otro o a quien se le entrega mercadería para que la venda en beneficio de otro, es un agente, pero uno que compra por su propia cuenta para vender a otro, no lo es.

" *        *        *        *        *        *        *

"Si un contrato es uno de compraventa o si constituye uno de agencia depende de la intención de las partes según se desprende de la extensión y efecto total del lenguaje empleado, y en los casos dudosos, todo lo que pasó entre las partes antes de y contemporáneamente con las transacciones bajo consideración, debe ser revisado. La cuestión es generalmente una a determinarse por el jurado, salvo cuando la evidencia es clara y está incontrovertida."

Encontrándose en una de las notas al texto, la siguiente cita:

"Cuando una persona es empleada para determinado fin, debiendo recibir un por ciento de las ganancias como compensación, tal persona es un agente y no un socio. *Meehan* v. *Valentine*, (Pa.) 12 S. Ct. 972, 145, U. S. 611, 36 L. Ed. 835—*Blackerby* v. *Oder*, 257, S. W. 43, 201 Ky. 403."

Insiste la apelante en que tratándose de una excepción a la regla general, esto es, en que siendo la regla que en acciones personales prevalezca el fuero del domicilio del demandado, la excepción debe interpretarse estrictamente y en su consecuencia resolverse que la agencia que aquí pueda haberse demostrado no es la plena que contempla el estatuto para que el fuero se pierda.

Quizá puede que haya algún mérito en la contención de la apelante, pero la verdad es que dadas las condiciones en que se encuentra el récord que ella misma presentara y radicara para basar su apelación, toda presunción con respecto a las circunstancias peculiares que pudieran concurrir en las relaciones entre demandantes y demandada debe apreciarse como que sostendría la conclusión de la corte sentenciadora, esto es, como demostrativa de un verdadero y completo caso de agencia.

Tanto en el alegato de la apelante como en el de los apelados se hace referencia a prueba testifical practicada y esa prueba no figura en la transcripción. Si no figura, debe concluirse que la parte que debió hacerlo no nos ha colocado en la misma situación en que se encontraba la corte sentenciadora y en su consecuencia que no puede pedirnos que revoquemos su resolución contentiva de una conclusión fundada en la prueba que quiere decir toda la prueba y no una parte de la misma.

*Procede, en tal virtud, que el recurso sea desestimado y la resolución confirmada.*

El Juez Asociado Sr. Todd, Jr., no intervino.