# 97 DTA 138

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE PONCE Y AIBONITO
### PANEL I

EPIFANIO QUIÑONES PITA, FAUSTINO QUIÑONES PITA, JUDITH RODRIGUEZ
Demandantes-Recurridos

v.

ATLANTIC PIPE CORPORATION
Demandada-Peticionaria

Núm. KLCE-96-01175

San Juan, Puerto Rico, a 24 de abril de 1997

Panel integrado por su presidente, Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Ante nuestra consideración una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 27 de septiembre de 1996 y notificada el 4 de octubre de 1996, mediante la cual se denegó una solicitud de traslado presentada por la parte demandada y aquí peticionaria.

El 1 de julio de 1996 los recurridos presentaron demanda en el Tribunal de Primera Instancia, Sala Superior de Ponce, en la cual reclamaron el cumplimiento específico de un acuerdo escrito para la venta de un terreno ubicado en el Municipio de Juana Díaz. Alegaron los recurridos que habían realizado mejoras en dicho terreno montantes a $300,000.00 y que la parte peticionaria no ha pagado por las mejoras. Los recurridos, además, solicitaron daños y perjuicios.

El 6 de septiembre de 1996 la parte peticionaria solicitó al Tribunal de Primera Instancia, el traslado del pleito al Tribunal de Primera Instancia, Sala de Bayamón, aduciendo que la peticionaria es una corporación doméstica, que en todo momento mantenía y mantiene al presente sus oficinas y principal lugar de negocios en la carretera PR 5, Km. 0.8, Intersección Expreso Río Hondo y De Diego, Bayamón, Puerto Rico.

El 9 de septiembre los recurridos se opusieron a la solicitud de traslado y alegaron que la **peticionaria no había informado al tribunal que tenía una oficina y talleres en la Carretera Núm. 14 del Municipio de Juana Díaz, donde se diligenció el emplazamiento.**

Adujeron que el litigio gira en torno al derecho o interés de un bien inmueble localizado en la carretera Núm. 14 del Municipio de Juana Díaz y que los daños y perjuicios que se solicitan en la demanda son como consecuencia del incumplimiento de la parte recurrida de un acuerdo de venta del referido bien inmueble.

Así las cosas, el Tribunal de Primera Instancia emitió la orden que es objeto del presente recurso. El 10 de octubre de 1996 la parte peticionaria presentó una Réplica a Moción en Oposición a Traslado y Moción de Reconsideración, en la cual, en síntesis, se aduce que la acción incoada por los recurridos es una de carácter personal y no está basada exclusivamente en el derecho o interés sobre un bien inmueble. Agregó la parte peticionaria que el traslado del pleito sería conveniente para todas las partes y resultaría en una economía sustancial, garantizando una solución justa, rápida y económica de litigio, sin ofrecer argumento alguno en apoyo de esa contención. Planteó, finalmente, que el traslado procedía como cuestión de derecho de conformidad con lo dispuesto en la Regla 3.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 3.4. Es muy reveladora la postura de la peticionaria al hacer caso omiso de la alegación afirmativa de los recurridos sobre las oficinas que la peticionaria mantiene en la Carretera Núm. 14 del Municipio de Juana Díaz. El 18 de octubre de 1996 los

recurridos presentaron una Moción en Oposición a Reconsideración a Traslado. Adujeron que la mayoría de los testigos del caso residía en Ponce, incluyendo a los testigos de la peticionaria. **Reiteraron que las oficinas de la Peticionaria están ubicadas en la región judicial de Ponce.** Ese mismo día 18 de octubre los recurridos presentaron un escrito titulado *"Segunda Moción en Oposición a que se Tomen Deposiciones en San Juan".* Alegaron los recurridos que la parte peticionaria insistía en tomar deposiciones en San Juan; que en una moción fechada el 1 de octubre de 1996 los recurridos habían objetado que dichas deposiciones se tomaran en San Juan, cuando los deponentes son residentes y tienen sus negocios en Ponce y que las pretensiones de la representación legal de la peticionaria eran opresivas e irrazonables. Por último invocaron los Preceptos de la Regla 40.4(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap.III, R. 40.4(b). La parte peticionaria no acompaña con su recurso escrito alguno de réplica a las dos mociones de los recurridos que acabamos de reseñar. **Una vez más la peticionaria guardó silencio sobre la alegación de los recurridos atinentes a las oficinas que la peticionaria mantiene en el Municipio de Juana Díaz.**

El 17 de octubre de 1996 el Tribunal de Primera Instancia, emitió la siguiente Resolución y Orden, la cual fue notificada el 25 de octubre de 1996:

*"A la (1) 'Moción Informativa, Solicitud de Prórroga y Orden para que se tomen deposiciones en Ponce, Puerto Rico' presentada por la parte demandante y (2) 'Réplica a Moción en Oposición a Traslado y Moción de Reconsideración', el Tribunal dicta las siguientes:*

## *ORDENES*

*(1) Examinadas las circunstancias particulares de este caso y a base de lo dispuesto en la Regla 40.4 de las de Proc. Civil de P.R. y la interpretación hecha por el Hon. Tribunal Supremo a dicha Regla en el caso de Irizarry Seda v. Almacenes Rodríguez, Inc., 124 D.P.R. 794 (1989), se dispone que la deposición anunciada por la demandante sea tomada en Ponce, Puerto Rico.*

*Los abogados de las partes se pondrán de acuerdo en cuanto a la hora, fecha y lugar de la toma de deposición que deberá ser dentro de los (30) días siguientes a la fecha de notificación de esta orden.*

*(2) El Tribunal determina que el pleito en este caso concierne primordialmente a derecho o intereses en bienes inmuebles por lo cual le es de aplicación la Regla 3.2 de las de Proc. Civil de P.R. que dispone que en ese caso, el pleito debe presentarse en 'la sección o sala correspondiente a aquella en que radique el objeto de la acción, o parte del mismo.'*

*Se declara SIN LUGAR la solicitud de reconsideración presentada por la demandada."*

No conforme con la Resolución y Orden transcrita, la parte peticionaria presentó el recurso ante nuestra consideración e imputa que:

*"Erró el Tribunal al denegar el traslado del pleito de epígrafe, al aplicar lo dispuesto en la Regla 3.2 de las de Procedimiento Civil a los hechos del presente caso y resolver que el pleito versa primordialmente sobre el derecho o interés en bienes inmuebles."*

El 22 de noviembre la parte peticionaria presentó ante nos una Moción Solicitando Suspensión de los Procedimientos a tenor con la Regla 35 del Reglamento del Tribunal de Circuito de Apelaciones, con el propósito de paralizar los procedimientos ante el Tribunal de Primera Instancia, especialmente la toma de deposiciones en Ponce.

El 27 de noviembre emitimos una Resolución denegando la solicitud de paralización de los procedimientos. El 17 de marzo de 1997 los recurridos presentaron un escrito en oposición a la Solicitud de *Certiorari.* El 20 de marzo de 1997 compareció la peticionaria y solicita que resolvamos el recurso sin el beneficio del escrito de oposición presentado por los recurridos, ya que el mismo fue radicado tardíamente. Lo cierto es que el referido escrito no es indispensable para resolver el presente recurso. Aunque estamos en posición de adjudicar la cuestión valiéndonos de la Solicitud de *Certiorari* y los documentos que la acompañan, hemos examinado el escrito de la parte recurrida y no

aporta nada.

## I

La Regla 3.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 3.2, dispone que *"los pleitos en relación con el título o algún derecho o interés en bienes inmuebles deberán presentarse en la sección o sala correspondiente a aquélla en que radique el objeto de la acción o parte del mismo, sin perjuicio de las normas generales de competencia y traslado establecidas en las Reglas 3.1 y 3.5".*

En la resolución recurrida el Tribunal de Primera Instancia, al denegar la solicitud de traslado, determinó que *"el pleito en este caso concierne primordialmente a derecho o intereses en bienes inmuebles por la cual es de aplicación la Regla 3.2 de las de Proc. Civil de P.R. que dispone que en ese caso, el pleito debe presentarse en la sección o sala correspondiente a aquélla en que radique el objeto de la acción, o parte del mismo".*

La parte peticionaria alega que las reclamaciones de la demanda no están basadas exclusivamente en el derecho o interés que puedan tener los recurridos en relación con el inmueble objeto de la causa de acción incoada. Señala la peticionaria que la demanda expone tres (3) causas de acción y que sólo una de ellas responde a la situación contemplada en la Regla 3.2, *supra*. Prácticamente toda su argumentación gira en torno a la interpretación de que fue objeto la citada Regla 3.2 en una decisión emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional de Carolina y Fajardo, en el caso de *Arsenio Gutiérrez Vázquez v. Carlos Gutiérrez Rodríguez,* **96 DTA 24.**

En el citado caso de *Gutiérrez,* el Circuito Regional de Carolina y Fajardo resolvió que aunque una de las causas de acción invocadas se regía por la Regla 3.2, *supra*, las otras cuatro causas de acción debían presentarse y resolverse en el lugar donde residía el demandado.

Es menester aclarar, antes de continuar, que las decisiones de un panel del Tribunal de Circuito de Apelaciones, no obligan a los paneles restantes y no constituyen precedentes, ▮ pues sólo al Tribunal Supremo de Puerto Rico le corresponde pautar el derecho en nuestro país. No obstante, es sabia la norma de citar decisiones del Tribunal de Circuito de Apelaciones por el valor intrínseco de sus razonamientos. En el caso de *Gutiérrez, supra*, la causa de acción relacionada con un interés o derecho en un bien inmueble constituía una quinta parte de las causas de acción invocadas en la demanda. En el caso que nos ocupa dos de las tres causas de acción emanan directamente de un interés o derecho en la propiedad en litigio, a saber: (A) La acción en cumplimiento específico para que la peticionaria venda el inmueble a los recurridos, y (B) Las mejoras realizadas por los recurridos en el referido inmueble, que representan la considerable cantidad de $300,000.00, según se alega. El Tribunal Supremo de Puerto Rico, interpretando el Artículo 75 del antiguo Código de Enjuiciamiento Civil, resolvió en el caso de *González v. Lebrón,* 24 D.P.R. 399, 401 (1916), que si el objetivo del pleito es el cumplimiento específico de un contrato de compraventa de una finca, la acción es personal. Nuestro más alto foro utilizó los siguientes argumentos:

Los artículos 75, 81 y 83 del Código de Enjuiciamiento Civil, en tanto son pertinentes a la cuestión que ahora se discute, dicen lo siguiente:

*"Artículo 75. --Deberán sustanciarse en el distrito en que radique el objeto de la acción, o parte del mismo, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto en este código, los pleitos que se sigan por las causas siguientes:*

*"1. Para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquier forma dicho derecho o interés, y por daños causados a propiedad inmueble.*

*"Artículo 83. --La corte podrá, previa moción, cambiar el lugar del juicio en los siguientes casos:*

*"1. Cuando el distrito designado en la demanda no es el correspondiente."*

Un pleito cuyo objeto es el cumplimiento específico de un contrato de compraventa de finca rústica es principalmente una acción personal *(in personam),* y el caso de autos no es una acción *"para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en*

*cualquier forma dicho derecho o interés, y por daños causados a propiedad inmueble." Davis v. Parker, XIV Allen (Mass.) 94; Lucas v. Patton, 107 S. W. 1143; Morgan v. Bell, 28 Pac. 925; Close v. Wheaton, 70 Pac. 891."*

Obsérvese, que la terminología utilizada en el antiguo Artículo 75 transcrito, se refería a acciones que por su propia naturaleza constituyen acciones *in rem.* Los términos empleados en la Regla 3.2, *supra,* sin embargo, están concebidos en forma amplia y abarcadora y despojados de connotaciones restrictivas. ■

## II

Resolvemos que fue atinada la interpretación que el Tribunal de Primera Instancia hizo de la Regla 3.2, *supra.* Asumiendo, a los únicos fines de la argumentación, que tiene razón la peticionaria cuando alega que la causa de acción incoada por los recurridos debió presentarse en la sección o sala correspondiente a aquella en que tienen establecidas sus residencias los demandados o algunos de ellos, el resultado a que arribaríamos sería el mismo, habida cuenta que, entonces, vendríamos obligados a resolver de conformidad con las disposiciones de la Regla 3.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 3.4, que, en lo pertinente, reza así: *"En caso de que sean comerciantes, sociedades, corporaciones y asociaciones que tuvieren oficina o agente en diferentes lugares, podrán ser demandados en la sección o sala del lugar en que tuvieren su centro de operaciones, oficina principal o agente o en el lugar en que se hubieren obligado".*

La peticionaria pasa por alto que los recurridos en dos ocasiones plantearon al Tribunal de Primera Instancia que ella tenía oficina y talleres en la carretera Núm. 14 del Municipio de Juana Díaz, y que fue allí donde se diligenció el emplazamiento. Reiteramos que es muy significativa la postura de la peticionaria de hacer caso omiso, en ambas ocasiones y en el presente recurso, de esta alegación afirmativa de los recurridos.

En el caso de *De la Rosa v. Puerto Rico Motors,* 58 D.P.R. 341, 344 (1941), nuestro Tribunal Supremo, resolvió lo siguiente:

*"Parecidóle al legislador más justo que si un comerciante, una sociedad, una corporación o una asociación extendían a su conveniencia sus negocios por medio de oficinas o agentes por los varios distritos judiciales en que está dividida la isla, el someterlos a la jurisdicción de las cortes de cada distrito en casos de reclamaciones personales, a elección del demandante, que obligar a éste a tramitar su pleito en el distrito de la residencia del comerciante, sociedad, corporación o asociación a voluntad de los mismos."*

De manera que aun cuando resolviéramos que el Tribunal de Primera Instancia erró al invocar la Regla 3.2, *supra,* como fundamento para apuntalar su decisión, estaríamos compelidos a sostener su dictamen, pues sabido es que la apelación se da contra la sentencia y no contra sus fundamentos. *Pueblo v. Camacho Pérez,* 102 D.P.R. 129 (1974); *Corrada v. Asamblea Municipal de Morovis,* 79 D.P.R. 365 (1956); *Boulon v. Pérez Meri,* 79 D.P.R. 238 (1956). El recurso de revisión, al igual que el de apelación, se da contra la sentencia y no contra sus fundamentos. *Rodríguez v. Serra,* 90 D.P.R. 776 (1964).

## III

Por los fundamentos expresados, se deniega el auto solicitado y se confirma la resolución recurrida.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 138

1. Regla 11 (C) del Reglamento del Tribunal de Circuito de Apelaciones.

2. Véase *Glines, et al v. Matta, et al,* 19 D.P.R. 409 (1913), donde se resolvió que no empece el sentido literal del Artículo ⸱

75, en cuanto a su aplicación a acciones *in rem,* es también de aplicación a acciones personales que implican la determinación de un interés en una propiedad en litigio. José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* **Publicaciones J.T.S.**, Vol.II, pág. 25.